### 1851. KNOX *v.* GREENFIELD ESTATE.

"In every suit brought in this State there must be a real plaintiff and a real defendant. The plaintiff or the defendant may be a natural or an artificial person, or a quasi-artificial person, such as a partnership. If the suit is brought in a name which is neither that of a natural person, a corporation, nor a partnership, it is a mere nullity." A suit against a designated estate is not a suit with a real defendant, within the purview of the rule just stated.

Complaint—appeal; from Fulton superior court—Judge Ellis. April 1, 1909.

Submitted June 10, 1909.—Decided January 21, 1910.

Payne, Little & Jones, for plaintiff.

E. M. & G. F. Mitchell, for defendant.

POWELL, J. Knox brought suit in a justice's court, naming as defendant, "Estate D. Greenfield, A. D. Greenfield, manager." In the superior court the case terminated by the judge's ordering a nonsuit and dismissing the action. Apparently the judge did not place this ruling on the express ground herein indicated; but it will be needless for us to consider other grounds, as the principle we are here announcing settles the matter consistently with the judgment rendered. It may be further stated, however, that the plaintiff in his testimony did not insist that A. D. Greenfield had personally contracted with him. The action was based on a contract made in behalf of the estate of D. Greenfield, deceased. This is stated to show that the action could not be sustained on the theory that it is proceeding against A. D. Greenfield.

The rule is well settled in this State, as well as in most States, that in every suit there must be a real plaintiff and a real defend-

ant. The quotation in the headnote is taken literally from the case of *Western & Atlantic R. Co.* v. *Dalton Marble Works*, 122 *Ga.* 774 (50 S. E. 978), where the question is fully discussed and the authorities cited. A dead man can not be sued. The estate of a dead man is mere inanimate property. Suits to bind the estate of a dead man should be brought in the name of a personal representative,—an executor, administrator, etc. This is no mere technicality. For illustration: As stated above, it is plain from the plaintiff's testimony in this case that, as to the contract in question, A. D. Greenfield was not acting for himself, but purported to act merely as an agent,—as one having authority to bind another. His character as agent being disclosed and the contract being in parol, it did not bind him personally. Whether the estate of D. Greenfield, deceased, should be bound by that contract is a question that is to be legally concluded only in a suit between the plaintiff and the legal representative of that estate. Indeed, so far as the present record discloses, there is nothing to bind the estate of D. Greenfield, deceased, in the transaction shown here, so far as it is set out. The proper result having been reached in the case, the judgment is                                    *Affirmed.*