PARSON, Respondent, v. HANSON et al., Appellants.

(164 N. W. 66.)

(File No. 4103. Opinion filed August 30, 1917. Rehearing denied December 31, 1917.)

Appeals—Error—New Trial—Conflicting Evidence, Sufficiency—Affirmance.

> The Supreme Court will not disturb findings and judgment based upon substantially conflicting evidence, unless findings are against a clear preponderance of the evidence. So **held**, in sustaining judgment of realty foreclosure, against defense that defendants did not execute the mortgage, that there was no consideration therefor, and that plaintiff, while a nominal assignee of the securities, was the real principal of the nominal mortgagee who negotiated the loan for plaintiff; the evidence showing, however, that plaintiff paid the mortgagee full value.

Appeal from Circuit Court, Corson County. Hon. RAYMOND DILLMAN, Judge.

Action by Frank Parson, against William Hanson and Pearl G. Hanson, for foreclosure of a mortgage. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Judgment and order affirmed.

*Robert Pearson,* and *Frank McNulty,* for Appellant.

*L. T. Van Slyke,* and *C. H. Belknap,* for Respondent.

McCOY, J. This action was instituted for the purpose of foreclosing a real estate mortgage upon certain real estate. It is claimed by the plaintiff that on the 11th day of March, 1914, the defendants executed and delivered to the First State Bank of McIntosh a promissory note for $1,200, due on the 11th day of March, 1919, bearing interest until paid at the rate of 8 per cent. per annum, payable annually, and that said note bears interest

at the rate of 12 per cent. per annum after maturity; that to secure the payment of said note, the defendants, as mortgagors, on the said 11th day of March, 1914, also executed and delivered to the First State Bank of McIntosh, as mortgagee, a mortgage upon certain real estate therein described, owned by the defendants; that thereafter, and before the maturity of said note, the said First State Bank of McIntosh, for value, indorsed and delivered said note to the plaintiff, and also, by an instrument in writing assigned to plaintiff the said real estate mortgage; that said mortgage contained a power of sale and a provision that, in case of the failure of said mortgagors to pay said principal sum, or any part of the interest, at the time the same became due, said mortgagee or its assigns was entitled to declare the whole sum due and payable; that said mortgagors made default in the payment of said interest when the same became due, and refused to pay the same to plaintiff upon demand, and by reason of such refusal and default of payment the power of sale contained in said mortgage became effective, and plaintiff became entitled to and did declare the whole sum due and payable on said note and mortgage. The defendants interposed an answer, denying that they ever executed and delivered to the said First State Bank of McIntosh the note and mortgage alleged in plaintiff's complaint, and alleged that they never received any consideration or thing of value for the execution of said note and mortgage. On the trial of said cause findings and judgment were in favor of plaintiff, and defendants appeal.

It is the contention of appellants that although the said note and mortgage were made to the First State Bank of McIntosh, as mortgagee, in truth and in fact the said First State Bank of McIntosh was at all times the agent of the plaintiff, and that plaintiff was in fact the original and real mortgagee instead of said bank; that said bank at the time of the execution of said note and mortgage was the agent of plaintiff for the purpose of securing and making loans for plaintiff; that said bank, as such agent of plaintiff, agreed to make a loan for plaintiff to appellants, and that in pursuance of such agreement and not otherwise the appellants executed said note and mortgage; and that neither plaintiff, nor the said bank, as plaintiff's agent, has ever at any time delivered to appellants the said sum so agreed to be loaned

to appellants, or any other consideration whatsoever. It also appears from the record that shortly after the execution and delivery of said note and mortgage the same were indorsed, assigned, and forwarded by said bank to plaintiff, and that immediately thereafter the plaintiff delivered to said First State Bank of McIntosh the sum of $1,200, representing the value of said note and mortgage. The contention of respondent is that he purchased said note and mortgage from the said First State Bank of McIntosh without any notice or knowledge of any defenses or equities existing in favor of appellants. The vital issues tried out before the court were whether or not the First State Bank of McIntosh without any notice or knowledge of any defenses or and whether or not respondent was a bona fide purchaser of said note and mortgage without notice. Upon these issues there was much conflict in the evidence, and which conflict is of such a nature that we are of the opinion that we would not be justified in reversing the judgment and awarding a new trial on the ground of the insufficiency of the evidence to sustain the findings. This court has frequently held that it will not disturb findings based upon a substantial conflict in the testimony unless such findings are against a clear preponderance of the evidence. This we are unable to say from the record in this case.

The judgment and order appealed from are affirmed.