12092. FARMERS & MERCHANTS BANK *v.* FARKAS *et al.,*
trustees.

Individuals may do business in a trade or firm name, and in such name
hold title to property, sue, and be sued.
(a) A conditional bill of sale executed and delivered in such trade or
firm name, properly executed and properly recorded, and containing a
sufficient description to give legal notice of the property to which title
is claimed, is admissible in evidence.

DECIDED JUNE 14, 1921.

Levy and claim; from Worth superior court — Judge Eve. November 27, 1920.

*Passmore & Forehand,* for plaintiff in error.
*T. R. Perry, Milner & Farkas, Pope & Bennet,* contra.

LUKE, J. The plaintiff in this case caused a mortgage fi. fa. to be levied on a mule. A claim was filed by Mack Farkas, Leonard Farkas, Paul Farkas, Gertrude F. Meyer, and Freddie F. Harby, trustees of the estate of Sam Farkas, doing business under the firm name of "Estate of Sam Farkas." The claimants admitted a prima facie case in the plaintiff, and one of the claimants testified as follows: " My name is Mack Farkas, one of the trustees of the 'Estate of Sam Farkas.' We are doing business in the name of ' Estate of Sam Farkas,' and sold the black mare mule, four years old, which is the property levied upon by plaintiff fi. fa. The defendant in fi. fa. owes us a balance of $185 on the property. We bought this mule and sold it." The claimant then offered in evidence a written instrument as follows, which was properly executed, and duly recorded at the proper place within thirty days after its execution.

" Georgia, Dougherty County. $185.00, Albany, Ga. 10/17/ 1919. On Sept. 1st, 1920, after date I promise to pay to the order of Estate of Sam Farkas, at the office, Albany, Georgia, one hundred eight-five dollars, for value received, with interest at the rate of eight per cent. per annum from date, and ten per cent. attorney's fees on the principal and interest due, if this note is not paid at maturity and the same is placed in the hands of an attorney for collection. This note is given for the purchase-money

for the following described property, this day sold, to wit: one black mare mule four years old. And it is expressly understood, as a part of the terms of said sale, that the title to said property and each item thereof shall be and remain in Estate of Sam Farkas, their successors or assigns, until this note and all expenses incurred in collecting the same are fully paid, together with all other indebtedness that 1. may owe Estate of Sam Farkas or may hereafter owe Estate of Sam Farkas is paid in full. Witness my hand and seal. L. R. Goodman, L. S.     Signed, sealed, and delivered in the presence of: Benj. W. Simon, Notary Public, Dougherty County, Georgia."

The plaintiff objected to the introduction of this instrument, upon the following grounds: " 1. That the same was not a valid contract as required by code section 3318, the same was being null and void for the reason that the ' Estate of Sam Farkas ' is not an individual, and does not import a corporation, nor partnership, nor other legal entity; therefore the same is irrelevant and immaterial. 2. The ' Estate of Sam Farkas ' not being such legal entity as could make valid contracts, the instrument shows title in no one; therefore it is not in law notice to a third party. 3. This claim is filed by Mack Farkas, Leonard Farkas, Paul Farkas, Gertrude F. Meyer, Freddie F. Harby, as trustees of the ' Estate of Sam Farkas,' whereas the instrument introduced does not show title in any of the above parties; for which reason it would be irrelevant and immaterial, it not showing title in any of the claimants, and would not be constructive notice to a third party against claimants." The court overruled the objections to the instrument and admitted it in evidence. The plaintiff then introduced a properly executed mortgage, which described the property sold by " Estate of Sam Farkas," to which title was retained by " Estate of Sam Farkas " as evidenced by the instrument of writing introduced by the claimant. The mortgage, of course, was subsequent to the execution and record of the retention-of-title paper introduced by the claimants. The judge, who by agreement of counsel, heard the case without the aid of a jury, rendered a judgment in favor of the claimants, finding the property not subject to the mortgage fi. fa. of the plaintiff. It is to this judgment and to the ruling admitting the written evidence of the claimaints that the plaintiff excepts.

This case differs from *Johnson* v. *Estate of Sam Farkas,* reported in 22 *Ga. App.* 539 (96 S. E. 392). In that case the bill of exceptions did not name the representatives of the " Estate of Sam Farkas " as parties defendant. It was not disclosed who were the representatives of " Estate of Sam Farkas," or whether " Estate of Sam Farkas " was only a trade name. The cases of *Knox* v. *Greenfield Estate,* 7 *Ga. App.* 305 (66 S. E. 805), and *Western & Atlantic R. Co.* v. *Dalton Marble Works,* 122 *Ga.* 774 (50 S. E. 978), are clearly distinguishable. In the *Greenfield* case no representative of the estate was named a party; in the *Dalton Marble Works* case the petition clearly showed that the property of a certain named owner was undertaking to litigate, instead of the person who was doing business under the firm or trade name of " Dalton Marble Works." The decision in the *Dalton Marble Works* case would have been different, and perhaps unnecessary, if it had been pleaded that the summons was issued by a justice of the peace in the name of H. P. Colvard, doing business under the firm name of " Dalton Marble Works." In the case we have here for review certain named persons are trading and doing business under the trade or firm name of " Estate of Sam Farkas." The parties to a partnership may give to it such a name as they see fit. As has been said, the name may contain the name of one or more of the partners, or the name may be purely fanciful. Compare *Bremen Foundry & Machine Works* v. *McLendon,* 19 *Ga. App.* 650 (91 S. E. 1049); *Charles* v. *Valdosta Foundry Co.,* 4 *Ga. App.* 733 (62 S. E. 493); *McClain* v. *Georgian Co.,* 17 *Ga. App.* 648 (3) (87 S. E. 1090).

We do not think the court erred in admitting the testimony objected to. The evidence fully authorized the finding of the trial judge, to whom the case was submitted without the intervention of a jury.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*