THE H. ROY BERRY COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(RAYMOND BROOKS, Defendant in Error.)

*Opinion filed October 28, 1925.*

1. WORKMEN'S COMPENSATION—*demolishing a structure, when not engaged in as a regular business, is not within Compensation act.* "Demolishing a structure," if engaged in as an enterprise or business, is automatically brought within the Compensation act, but work on any structure, whether of construction or destruction, is not necessarily an enterprise or business, and a company engaged in subdividing and selling real estate is not brought within the act as being engaged in a hazardous business merely because it hires help in tearing down an old barn on premises held for sale, and one casually employed to assist in such work is not an employee within the meaning of the act.

2. SAME—*general rule as to construction of Compensation act.* The Compensation act will be liberally construed to give effect to its purpose, but a strained construction to include an occupation or employment, permanent or temporary, not fairly within the act, cannot be supported.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. HARRY M. FISHER, Judge, presiding.

GEORGE D. KIMBALL, for plaintiff in error.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

Raymond Brooks, twenty-one years of age, unmarried and with no dependents, applied to the Industrial Commission for the adjustment of a claim for compensation arising out of an injury which occurred on August 27, 1923, while in the employ of the H. Roy Berry Company, a corporation. The company was engaged in the business of subdividing and selling real estate as agent for owners. While preparing a twenty-acre farm near the city of Park Ridge, in Cook county, for subdivision, it was found ex-

pedient to tear down an old barn which was situated on the land. The company employed Raymond Grunder, a carpenter, for that purpose, and authorized him to hire any help he needed. Grunder employed Brooks, agreed to pay him fifty cents an hour, and directed him to work on the ground floor of the barn with a hammer and pliers. Shortly thereafter Brooks climbed to the roof, stating he did not wish to stay below. Grunder left the premises for a few minutes and upon his return found Brooks lying upon the ground. Brooks admitted that of his own volition he went to the roof to assist in tearing off shingles and while engaged in that work slipped and fell to the ground, a distance of about thirty feet, alighting on his hands and feet and injuring his left arm at the elbow. He was taken to a physician in Park Ridge for temporary treatment and then to a hospital. Later he was removed to another hospital, where he was attended by Dr. A. J. Schott, who was recommended by a salesman for the company. The company paid Dr. Schott for his services. Brooks was discharged from the hospital on November 10, 1923. Dr. Schott testified that in his opinion no permanent injury resulted from the accident and that there was perfect motion in Brooks' arm. The arbitrator found that the parties were not at the time of the injury subject to the provisions of the Workmen's Compensation act. On review the Industrial Commission set aside the decision of the arbitrator, found that the parties were under the act, that Brooks was totally incapacitated for work for a period of nine and two-sevenths weeks, and that he had sustained the permanent loss of twenty-five per cent of the use of his left arm. Brooks was awarded compensation at the rate of $14 per week for nine and two-sevenths weeks, the period of temporary total incapacity, and thereafter a like sum per week for fifty weeks as compensation for his permanent disability. On review by writ of *certiorari* the circuit court of Cook county affirmed the decision of the Industrial Com-

mission. The case is now here on a writ of error issued upon the petition of the H. Roy Berry Company.

Brooks is not represented by counsel on this review. The plaintiff in error, the H. Roy Berry Company, contends (1) that it, engaged in the business of subdividing and selling real estate, does not come automatically under the provisions of the Workmen's Compensation act merely because a barn on the land which it was about to subdivide is torn down at its request; (2) that the removal of the barn was not the demolition of a structure in the conduct or prosecution of an enterprise or business declared to be extra-hazardous by section 3 of the act; (3) that Brooks was not engaged in the usual course of the trade, business, profession or occupation of the plaintiff in error and for that reason was not an employee within the meaning of the act; (4) that the work was done on a farm, and is not, therefore, compensable under the act; (5) that the relationship of employer and employee was not established; and (6) that the injury did not result in the permanent loss of any use of respondent's left arm.

Plaintiff in error did not elect to come within the provisions of the Workmen's Compensation act. Liability on its part, if any, under the act must arise by reason of the automatic application of its provisions to plaintiff in error without election. Section 3 provides: "The provisions of this act hereinafter following shall apply automatically and without election to * * * all employers and all their employees, engaged in any department of the following enterprises or business which are declared to be extra-hazardous, namely: (1) The * * * demolishing of any structure." Eight sub-sections follow, which enumerate the trades, vocations and businesses which the act declares to be extra-hazardous. Subdividing real estate is not among them. (Smith's Stat. 1923, p. 978.) Apart from the inclusion of enterprises in which statutory or municipal ordinance regulations are imposed, the conditions prescribed by section 3

as necessary to the right to compensation are, that the employer and employee shall be engaged in some department of an enterprise or business which the act declares to be extra-hazardous. Subdividing real estate is not, in a physical sense, an hazardous undertaking. "Demolishing a structure," if engaged in as an enterprise or business, is automatically brought within the act. The work on every structure, whether of construction or destruction, however, is not necessarily an enterprise or business. (*Uphoff* v. *Industrial Board,* 271 Ill. 312.) Tearing down the barn in question was not a part of ordinary subdivision work. It was not a work of independent importance or a source of profit to the plaintiff in error. It was a work merely incidental, casual and temporary in character. While the Workmen's Compensation act will be liberally construed to give effect to its purpose, (*Chicago Cleaning Co.* v. *Industrial Board,* 283 Ill. 177,) a strained construction to include an occupation or employment, permanent or temporary, not fairly within the act cannot be supported. (*Hochspeier* v. *Industrial Board,* 278 Ill. 523; *Lizotte* v. *Nashua Manf. Co.* 100 Atl. (N. H.) 757; *Law* v. *Graham,* 2 K. B. L. R. (1901) 327.) The plaintiff in error and Brooks were not engaged in an enterprise or business within the meaning of the Workmen's Compensation act. *Hahnemann Hospital* v. *Industrial Board,* 282 Ill. 316; *Uphoff* v. *Industrial Board, supra; Hochspeier* v. *Industrial Board, supra; Bargey* v. *Massaro Macaroni Co.* 218 N. Y. 410.

The second sub-section of section 5 of the act (Smith's Stat. 1923, p. 980,) excludes from the definition of the term "employee," as used in the act, "any person who is not engaged in the usual course of the trade, business, profession or occupation of his employer." Brooks was hired to assist in the removal of the barn. His employment was temporary and the work he performed was outside of the usual or regular course of his employer's business. Hence the

injuries for which Brooks makes claim are not compensable under the Workmen's Compensation act. *Uphoff* v. *Industrial Board, supra; Aurora Brewing Co.* v. *Industrial Board,* 277 Ill. 142; *Chicago Great Western Railroad Co.* v. *Industrial Com.* 284 id. 573; *Thede Bros.* v. *Industrial Com.* 285 id. 483.

The judgment of the circuit court will be reversed and the award of the Industrial Commission set aside.

*Judgment reversed; award set aside.*