17120.   NEAL, administratrix, *v.* HARBER *et al.,* executors.

On a bond executed by the grantee in a security deed, conditioned to re-
convey title to the grantor (debtor) on payment of the secured debt, a
purported transfer back to the "estate of" the named grantee was void;
and the debtor's administratrix was entitled to resist a proceeding based
on such transfer.

DECIDED JULY 20, 1926.

Report of case preceding gives description and counsel's names.

JENKINS, P. J.   This case is controlled in every material re-
spect, save one, by the decision this day rendered in the case of
*Neal* v. *Harber,* No. 17119, ante, 626. The instant case was a suit
by Harber's executors on the $10,000 note referred to in the state-
ment of facts in that case.   The plaintiffs sought to set up a
special lien on 250 acres of land deeded by Neal to Harber to secure
the note sued on, the defendant administratrix resisting the estab-
lishment of such lien by attempting to set up that the inadequate
description of the 250 acres rendered that deed void for uncer-
tainty.   This defense was stricken on motion.   Plaintiffs below
also sought to set up a special lien on the 93 acres referred to in
the other case, by virtue of a purported transfer of the bond for
title given by Harber to Neal in the $1,000 transaction back to the
"estate of G. W. D. Harber." The effort to set up a special lien on
the 93 acres was resisted, not only on the ground that the alleged
inadequate description of the 93 acres rendered the bond void, but
for the additional reason that the purported assignment to the
"estate of G. W. D. Harber" was on its face utterly null and void.
This latter contention constitutes the only question not controlled
by the adjudication made in the other case referred to.   While, as
adjudicated in that case, the grantor and his administrator would
be estopped from attacking their own conveyance by setting up an
alleged infirmity such as would defeat the bona fide purposes of
its execution, such rule would not prevent the grantor or his ad-
ministrator from denying its bona fide execution, nor would it
prevent them from setting up the entire absence of any legal
transfer of the bond.   It being absolutely essential to such a con-
veyance or transfer that there shall be a person in esse to whom
the conveyance is made or to whom the bond is assigned, and the
purported assignee in the instant case not being such, the alleged
transfer is absolutely null and void, and the defendant was entitled
to resist a legal proceeding founded thereon.   *Davis* v. *Hollings-*

*worth,* 113 *Ga.* 210, 211 (38 S. E. 827, 84 Am. St. R. 233) ; Mc-Inerney *v.* Beck, 10 Wash. 515 (39 Pac. 130) ; Simmons *v.* Spratt, 1 So. 860 (Florida) ; 27 Cyc. 1550, b. Accordingly, the judgment in favor of the plaintiff is affirmed, with direction that that portion of the judgment setting up a special lien on the 93 acres be vacated.

*Judgment affirmed, with direction. Stephens and Bell, JJ., concur.*