16983.  WILLIAMSON *v.* MARCHMAN, executor, *et al.*

1. Where in a suit by one as the administrator of one person and as the executor of another, the parties by agreement submitted the issues therein and a kindred issue to arbitration, and the submission embraced no other matter than the question of the liability of the defendant, and where the arbitrators made an award merely finding a certain sum "for the estate" of which the plaintiff was executor, the award should be construed as a finding against the defendant and in favor of the plaintiff in his capacity as executor, and in favor of the defendant and against the plaintiff in his capacity as administrator.

(*a*) The award was not void for indefiniteness and uncertainty.

2. General allegations, to the effect that the award was the result of mistake and accident because the party excepting thereto was informed and believed that the arbitrators intended to find differently, were not sufficient to raise an issue as to whether the award should be set aside because of mistake or accident.

DECIDED SEPTEMBER 17, 1926.

Exceptions to award; from Greene superior court—Judge Perryman.  October 28, 1925.

*J. G. Faust,* for plaintiff in error.  *Miles W. Lewis,* contra.

BELL, J.  H. L. Marchman, "as administrator of the estate of W. P. Williamson and as executor of the estate of Mrs. H. C. Williamson," brought a suit in trover against Sampson M. Williamson for the recovery of certain lumber of a stated value, as property belonging to the plaintiff as representative of the two estates. The defendant's answer was a general denial. Before the trial the parties to the case, by written agreement, referred the

issues therein and a kindred issue to arbitration. As to the matter submitted to the arbitrators the agreement was as follows: "that there exists between the parties certain differences and disputes in reference to the ownership of certain lumber manufactured from timber on the lands of the said estates and with reference to the purchase-money received therefor, a *portion* [italics ours] of which lumber is involved in a suit now pending in Greene superior court and transferred thereto from the city court of Greensboro, being No. 2156; the said party of the first part contending that the party of the second part is indebted to said estates for such lumber or the proceeds thereof, and the party of the second part contending that he is not indebted in any amount to the said estates." The arbitrators made and signed the following award: "We, the arbitrators, find for the estate of Mrs. H. C. Williamson $412.67 and interest from Feb. 1, 1924, to date, this Aug. 10, 1925."

Before the award was made the judgment of the court, the defendant filed exceptions thereto on several grounds. The plaintiff demurred to these exceptions generally. The court sustained the demurrer and entered judgment on the award in the plaintiff's favor, and the defendant excepted. Only two of the grounds of the exceptions are referred to in the brief of the counsel for the plaintiff in error and these only will be noticed.

1. The first ground of exception relied on by the plaintiff in error is that the award is void for indefiniteness and uncertainty. It is contended that the award can not be construed as being either for or against the plaintiff in the capacity of administrator of the estate of W. P. Williamson; that it fails to dispose of a claim of the defendant against the estate of W. P. Williamson or "to settle the status" as between the defendant and that estate; that it names no person as the one liable, and generally is incapable of intelligent construction and enforcement.

The plaintiff was suing in a double capacity. The award is reasonably construed as finding against the defendant and in favor of the plaintiff as the representative of the estate of Mrs. Williamson, and as finding in favor of the defendant and against the plaintiff as representative of the estate of W. P. Williamson. *Maynard* v. *Ponder,* 75 *Ga.* 664 (1 *c*). As to any counterclaim by the defendant against the estate of W. P. Williamson, it may

be said that none such was pleaded, nor was there any reference to such claim in the submission to the arbitrators. The award, therefore, could not have dealt with such claim. *Richardson* v. *Payne,* 55 *Ga.* 167.

In a suit where there are proper parties, a finding "for the estate" of a person is not void under the principle applied in *Knox* v. *Greenfield Estate,* 7 *Ga. App.* 305 (66 S. E. 805), and in *Johnson* v. *Estate of Sam Farkas,* 22 *Ga. App.* 539 (96 S. E. 392). Those cases dealt with the question of parties; here the question is one of construction. The award was not void for indefiniteness and uncertainty.

2. The other ground of exception insisted upon in this court is, that "said award is the result of accident and mistake, because, as S. M. Williamson alleges on information and belief, it was the object and intention of the arbitrators, and especially the arbitrators H. I. Moore and Arch Humphrey, to find that the judgment and award was against the estate of W. P. Williamson, and not against this objector, S. M. Williamson [on the counterclaim?]." This allegation was insufficient to raise any issue as to mistake or accident. The courts will not grant relief against mistake or accident, without distinct and particular allegations. The pleadings should state such facts as would indicate prima facie that the mistake or accident did occur. The statement in general terms that the defendant was informed and believed that the award was "the result of accident and mistake" was not sufficient. *Shaifer* v. *Baker,* 38 *Ga.* 136; *Cox* v. *Mercer,* 74 *Ga.* 399; *Stricker* v. *Tinkham,* 35 *Ga.* 176 (4) (89 Am. D. 280); *Gamble* v. *Knott,* 40 *Ga.* 199; *Carr* v. *Dickson,* 58 *Ga.* 144 (2); *Lowery* v. *Davidson,* 44 *Ga.* 38 (3). Furthermore, arbitrators can not impeach their finding. *Evans* v. *Edenfield,* 7 *Ga. App.* 175 (66 S. E. 491). The court did not err in sustaining the demurrer or in rendering the final judgment complained of.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*