17752. UNITED STATES FIDELITY & GUARANTY CO. *et al. v.* NEWTON.

BELL, J. 1. An individual may transact business either in his true name or in a trade name, and this rule is applicable to an administrator as to contracts which he is authorized to make. Hence, a purported contract of industrial insurance, made between one person as insurance carrier and the estate of a named person as employer, may be shown, by the surrounding circumstances, to have been intended as an agreement between the insurance carrier and the administrator of such estate, affecting the administrator in his representative capacity; and in such a case the agreement will not be held invalid for an insufficient designation of parties, but, if no other legal obstacle appears, will be enforced for the purposes for which it was made. *Queen Ins. Co.* v. *Peters,* 10 *Ga. App.* 289 (2) (73 S. E. 536); *Farmers & Merchants Bank* v. *Farkas,* 27 *Ga. App.* 153 (107 S. E. 610); *Williamson* v. *Marchman,* 35 *Ga. App.* 710 (134 S. E. 625); Cases cited in note to 42 L. R. A. (N. S.) 79. This case is unlike the case of *Neal* v. *Harber,* 35 *Ga. App.* 631 (134 S. E. 349), in which there was a transfer of real estate and nothing to show the use of a trade name.

2. The evidence in this case authorized the inference that the person for whose death compensation was sought was an employee of the administrator and not the employee of another as independent contractor.

3. Assuming that the administrator as such was not, without the sanction of the ordinary, authorized to employ labor for the purpose of repairing the building, in the work on which the employee received his fatal

Contracts, 13 C. J. p. 270, n. 28.
Evidence, 22 C. J. p. 1236, n. 32.
Insurance, 32 C. J. p. 1348, n. 11.
Workmen's Compensation Acts, C. J. p. 115, n. 37; p. 117, n. 52 New; p. 124, n. 66 New.
Names, 29 Cyc. p. 270, n. 43.

injury, or that the property, being realty, had descended to the heirs at law and for that reason was not subject to repair by the administrator, where the insurance carrier, with full knowledge of all the facts, entered into an agreement to compensate the employees of the administrator for injuries sustained by them in the particular employment, and received premiums for such insurance, it will not be heard' to question the' validity of the contract between the administrator and the injured or deceased employee, or to deny the existence of the master and servant relation between them, upon either of the grounds stated. Compare *Maryland Casualty Co.* v. *Wells,* 35 *Ga. App.* 759 (134 S. E. 788), and cit.

4. Assuming that an appeal by the insurance carrier to the superior court, in which is contained an allegation that the award is "contrary to law," is sufficient to raise in that court the question of whether the award is invalid as being against the insurance carrier alone, an award which, as here, is directed both to the employer and to the insurance carrier, as well as to the claimant, and orders the insurance carrier, "for the" employer, to pay to the claimant certain sums of money specified, is not an award against the insurance carrier alone, but is an award against both the employer and the insurance carrier.

5. Moreover, in view of section 71 of the workmen's compensation act (Ga. L. 1920, p. 167), providing that the agreement of the insurer "shall be construed to be a direct promise by the insurer . . to the person entitled to compensation, enforceable in his name," an award against an insurer should not be set aside at the instance of that party upon the ground that it was not also against the employer. An omission in this regard, if error at all as against the insurer, could amount only to "an error of form and not of substance." The direction by this court in *Hartford Accident &c. Co.* v. *Hall,* 36 *Ga. App.* 574 (137 S. E. 415), that the judgment be amended so as to include the employer as a party, appears to have been made solely in the interest of the claimant, and voluntarily, since the claimant was not excepting. The court might properly have affirmed the judgment in that case without giving the direction stated, but did otherwise under the authority to make any order consistent with the law and justice of the case. *Finley* v. *So. Ry. Co.,* 5 *Ga. App.* 722 (64 S. E. 312).

   *Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JULY 13, 1927. REHEARING DENIED SEPTEMBER 23, 1927.

Appeal; from Colquitt superior court—Judge W. E. Thomas. October 12, 1926.

Application for certiorari was made to the Supreme Court.

*E. B. Everett· Jr., Bryan & Middlebrooks,* for plaintiff in error. *Waldo DeLoache, Hoyt H. Whelchel,* contra.