(No. 18281.—Judgment reversed and award set aside.)
THE OAK WOODS CEMETERY ASSOCIATION, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(THOMAS READY, Defendant in Error.)

*Opinion filed October 22, 1927.*

WORKMEN'S COMPENSATION—*when employee of a cemetery association is not a regular employee within meaning of Compensation act.* A retired police officer employed by a cemetery association on Memorial day to direct traffic about the entrance to the cemetery grounds is not a regular employee within the meaning of the Compensation act, as the work is merely incidental, casual and temporary in character, notwithstanding the same employee was hired in a similar capacity on two or three previous Memorial days.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. HARRY M. FISHER, Judge, presiding.

HICKS & FOLONIE, for plaintiff in error.

FLYNN & LYON, for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

Thomas Ready, seventy years of age, a retired police officer receiving a pension of $55 per month from the city of Chicago, filed his application on April 19, 1926, with the Industrial Commission for compensation arising out of an injury he received on May 30, 1925, while employed by the Oak Woods Cemetery Association, a corporation, in directing and regulating traffic just inside the gate of the association's cemetery grounds located in the city of Chicago. The association owned a tract of land a part of which was platted into burial lots and used for cemetery purposes and another portion was used in raising hay. There were also three large greenhouses located on the property, where all kinds of flowers were grown for the market. In the operation of the property the association has a number of employees. Lawnmowers are used by the men for cutting grass, and graves are dug by them. Mowing machines, harrows, plows and wagons are in use and moved about the premises either by teams or tractors. A boiler is located in one of the greenhouses for heating purposes, and a smoke-stack about 200 feet high is used in connection therewith. Ready was not employed regularly by the association nor did he have any other permanent employment since his retirement from active police duty for the city, though he had performed some temporary work for banks or other concerns in the nature of a watchman and where he wore his uniform. He was subject to call to duty by the chief of police of Chicago in case of an emergency. He lived for twenty-five years very near the cemetery, was friendly with the officers of the association and frequently stopped in at its offices. A day or so be-

fore Memorial day, 1925, which was the day of the acci-
dent, the assistant superintendent of the cemetery asked
Ready to come over and help out at the cemetery in keep-
ing order and regulating traffic around the gate for a day
or two.    Nothing was said about pay, but Ready had
worked in a similar capacity for the association on two
or three previous Memorial days and was paid five dollars
per day for his services.    Due to the large number of peo-
ple who usually visit the cemetery on Memorial day there
were also present a number of regular city policemen, in
charge of a lieutenant, for the purpose of regulating traffic
and maintaining order.    Ready reported for work about
seven o'clock A. M. on Memorial day and was in charge
of traffic inside the cemetery gate, though the record is not
entirely clear as to whether he was assigned to that loca-
tion by the police lieutenant or the cemetery superintendent.
About 10:30 o'clock A. M. Ready was struck by a Ford car
which was in the hands of an inexperienced driver, and, be-
side other injuries received, the neck of the femur in his
right leg was fractured.    He was taken to Jackson Park
Hospital, where he was cared for until August 22, when he
returned home and was thereafter treated by other doctors.
Some of the officers of the association called on him at dif-
ferent times and the hospital and doctor bills were paid by
the association.    It paid bills rendered by Ready for extra
help at his home and for liniment used by him, and also
made five payments of different amounts, the exact purpose
of which is not shown by the record, after Ready returned to
his home.    The last payment made was on January 16, 1926.

No oral or written statement or demand was made by
Ready at any time claiming compensation until his appli-
cation therefor was filed with the Industrial Commission.
It appears that as a result of the accident he is unable to
work and continues to use a crutch and cane in walking,
his injured leg is somewhat shorter than the other one, and
he is caused a great deal of pain in his right hip and knee.

The condition as reported by the medical director of the Industrial Commission under a stipulation between the parties was, that temporary disability had terminated and a permanent disability of the right leg amounting to seventy-five per cent had resulted to the claimant. The arbitrator found that the parties at the time of the accidental injury were operating under the Workmen's Compensation act and had complied therewith; that Ready was entitled to receive $9.60 per week for 52 weeks, that being the period of temporary total incapacity, and the further sum of $9.60 per week for a further period of 135 weeks for seventy-five per cent permanent loss of the use of his right leg, and that certain sums already paid be credited on the award. Upon appeal to the Industrial Commission the award of the arbitrator was affirmed. The association sued out a writ of *certiorari* from the circuit court of Cook county, where the decision of the Industrial Commission was reversed and set aside and an award entered by the court of $7.50 per week for the same number of weeks and for the same respective disabilities as specified in the award of the arbitrator. Payments already made were also ordered to be credited on the award. The cause is now presented on a writ of error granted by this court upon the petition of the association.

No evidence was offered by the association. Numerous errors are assigned by it for a reversal of the judgment, and the argument of its counsel is presented under five separate subdivisions: (1) That the relation of employer and employee did not exist between the parties; (2) that plaintiff in error is not subject to the Compensation act; (3) that the Compensation act is unconstitutional if applied to plaintiff in error; (4) that no demand for compensation was made within six months from the date of the accident; (5) that no permanent disability is shown by the evidence.

Plaintiff in error contends the relation of employer and employee did not exist because no contract of hiring was

agreed upon, and for the further reason that Ready was subject to the control and direction of the police department of the city of Chicago, and hence plaintiff in error is not subject to the provisions of the act. Though we do not agree with counsel as to the foregoing reasons given in their argument, yet in our view of the case the contention that the relationship of employer and employee did not exist is decisive of the case, as we are of opinion Ready was not an employee as contemplated under the act. Ready was not a regular employee of the association but was hired for only a day or two to direct traffic at the cemetery gate. Such employment or work was not a part of the usual or ordinary cemetery or greenhouse business. The work he was to perform was merely incidental, casual and temporary in character. Section 5 of the act (Smith's Stat. 1925, p. 1267,) provides that "the term 'employee' as used in this act, shall be construed to mean: * * * Second—Every person in the service of another under any contract of hire, express or implied, oral or written, * * * but not including any person who is not engaged in the usual course of the trade, business, profession or occupation of his employer." Ready having been employed in the capacity of a traffic officer and his employment being but temporary and entirely outside of and apart from the usual or regular course of his employer's business, he cannot, under the provisions of the Workmen's Compensation act, enforce a claim for accidental injuries received. *Berry Co.* v. *Industrial Com.* 318 Ill. 312; *Thede Bros.* v. *Industrial Com.* 285 id. 483; *Aurora Brewing Co.* v. *Industrial Board,* 277 id. 142.

The judgment of the circuit court is reversed and the award is set aside.

*Judgment reversed and award set aside.*