18583. HARTFORD ACCIDENT AND INDEMNITY CO. *et al.*
*v.* THOMPSON, guardian.

DECIDED MARCH 7, 1928.

*E. J. Stoddard, T. Elton Drake,* for plaintiffs in error.
*Key, McClelland & McClelland,* contra.

LUKE, J. A. C. Thompson, as guardian of the two minor children of J. W. Wadsworth, deceased, procured an award from Commissioner Land of the Industrial Commission of Georgia against Harrison Jones and Hartford Accident and Indemnity Company. The award was approved and adopted by the full commission. On appeal the superior court sustained the award of the commission, and the plaintiffs in error excepted.

Briefly stated, the salient facts in the case are as follows: Harrison Jones employed, for stated sums, parties to supervise the construction of a residence built for the use of himself and family, Jones paying the wages of the workmen and paying for all material. Jones was vice-president of the Coca-Cola Company, and had been for seven years. He had no other business connection. After office hours and on Sundays he would go out to where the said house was being built, but had nothing to do with the building operations. During the middle or latter part of October, J. W. Wadsworth was engaged in painting the house at so much per hour. He left the

room where he and one Harris were working, to do work in another room of the house. Within a minute or a minute and a half, according to Harris's testimony, Wadsworth "came back cursing; said, 'Damned carpenter trying to kill me,—look here,'" and showed Harris his bleeding leg. Wadsworth was angry and in pain, and "came back just cussing." Wadsworth had not been gone long enough to have left the building and gotten hurt. The upstairs of the house was being cleaned up, cleared of pieces of flooring and other rubbish. At times a "little chunk" would come sliding down the stairs. R. E. Benning, a painter on the Jones house, swore that carpenters were "working around some on the stairway." Dr. Maner testified that about November 1 he was called in to see Wadsworth, who had an abrasion about one and a half to two inches long on the front of his right leg, about half way between the foot and the knee; that the outer skin had been scraped off, and the wound appeared to be three or four days old; that the patient's leg was swollen and infected; and that on about November 10 the patient died as a natural and proximate result of the injury. The foreman of the deceased had notice of the injury.

The exception chiefly relied upon, and extensively argued by the plaintiffs in error, follows: "The commission committed error in holding Harrison Jones to be an employer under the workmen's compensation law, when it appeared from the proof that it was his house being built, and that house-building was not his regular trade, business, or profession." The act we are considering (Ga. L. 1922, p. 67) reads (section 2 (a)): "Employers shall include any municipal corporation within the State and any political division thereof, and any individual, firm, association or corporation engaged in any business operated for gain or profit, except as hereinafter excepted. . . ." (b) "Employee shall include every person . . except one whose employment is not in the usual course of the trade, business, occupation, or profession of the employer. . ." Section 15 of the act as amended (Ga. L. 1925, p. 283) provides: "This act shall not apply to . . employees not in the usual course of the trade, business, occupation or profession of the employer or not incidental thereto."

Applying the act to the facts stated, we do not think that Jones was as a matter of fact an employer, or that Wadsworth was as a matter of fact an employee, within the meaning of the law. In

this opinion we are confirmed by the decisions of other States construing similar acts. Some of those cases are: Berry Co. *v.* Industrial Commission, 318 Ill. 312 (149 N. E. 278); Oilmen's Reciprocal Ass'n *v.* Gilland (Tex. Com. App.), 291 S. W. 197; State ex rel. Lennon *v.* District Court, 138 Minn. 103 (164 N. W. 66); Oliphant *v.* Hawkinson, 192 Iowa, 1259 (183 N. W. 805, 33 A. L. R. 1433).

However, we think that both Jones and the insurance company are precluded from questioning the right of the commission to take jurisdiction of the case, for the following reasons: The policy under consideration is headed, "Standard Workmen's Compensation and Employer's Liability Policy." It was primarily intended to cover, and did cover, cases coming under the workmen's compensation law, that law being made a part of the contract "as fully and completely as if written herein." "The premium is based upon the entire remuneration earned, during the policy period, by all employees of this employer engaged in the business operations described in said declarations, together with all operations necessary, incident or appurtenant thereto." The insurer notified the commission that it had issued the policy. Nor do we think the fact that the policy also covered injuries cognizable at law changes the situation. The following pertinent language occurs in the award of the full commission: "We do not understand why an insurance carrier should write a compensation policy, collect the premium, notify the commission that such coverage is in force, and then seek to escape payment on the ground that there is no compensation liability against the employer for whom the compensation policy was issued. The insurance company tells us that there is a double coverage. Of course, there is an agreement on the part of the carrier to defend the employer against any and all suits, but first of all it is a workmen's compensation policy, and compensation must first be applied." Where an insurance carrier, with full knowledge of the facts, agreed to compensate employees of an administrator for injuries received in a particular employment and received premiums for such insurance, it was held by this court that the insurer could not question the validity of the contract between the administrator and an injured employee or deny the existence of a master and servant relation between them, either on the ground that the administrator was unauthorized to employ labor for the particular purpose,

or that the premises were not subject to repair by the administrator. *United States Fidelity &c. Co.* v. *Newton,* 37 *Ga. App.* 70 (4) (139 S. E. 365). See also *Maryland Casualty Co.* v. *Wells,* 35 *Ga. App.* 759 (134 S. E. 788).

The exceptions based upon the introduction of evidence are defective, all of them but one, because the testimony complained of was not substantially set out, and because the name of the witness testifying was not stated; and one because much of the ·witness's testimony was admissible and the part which was alleged to be incompetent was not substantially set out or distinguished.

There was sufficient competent evidence in the record to support the award, and for no reason assigned did the judge of the superior court commit reversible error.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*