KNIGHT'S PHARMACY COMPANY *et al. v.* McCALL *et al.*

No. 11040. JANUARY 17, 1936.

*O'Neal & O'Neal,* for plaintiffs in error. *Casper Wiseman,* contra.

HUTCHESON, Justice. S. E. Wilson was a tenant of Knight's Pharmacy Company, a corporation, and owed a large sum as rent at the time of his death in 1935. Wilson died intestate, leaving personal property of value. His widow remarried. She and her husband converted the major portion of the property and accounts into cash, and were preparing to and did leave the State of Georgia. Knight's Pharmacy Company sued out a distress warrant against the Estate of S. E. Wilson (there being no administration of said estate), and had it levied on the assets remaining in the premises formerly occupied by Wilson. Part of these assets were sold under short order, and the rest were advertised for sale on regular sale day. After the distraint levy, K. K. McCall and his associates sued out an attachment and had it levied on part of the property which the widow was endeavoring to remove from the State, and at the same time applied for letters of administration of the estate of S. E. Wilson. A caveat to this application was filed by Knight's Pharmacy Company, on the ground that there were insufficient assets, and an administration would only result in a waste of assets in costs and attorney's fees. While this application was pending, McCall and his associates applied for an injunction to restrain Knight Drug Stores Inc. and the sheriff of the city court of Savannah from proceeding under the distress warrant, alleging that it was void for the reason that there was no legal estate, in that the designated defendant, S. E. Wilson's Estate, was neither a natural nor an artificial person nor a quasi-artificial person. Knight's Pharmacy Company and the sheriff filed demurrers and

answer, Knight's Pharmacy Company moved to dismiss the action, because the petition and the process were directed to Knight Drug Stores Inc. The motion was overruled, and petitioners were allowed to file an amendment, changing the alleged name of that defendant to "Knight's Pharmacy Company." The court ruled that the distress warrant was a nullity, and granted an injunction. The defendants excepted.

There are two questions to be considered: (1) Was it error to allow the amendment correcting a misnomer in the corporate name of the defendant? (2) Did the court err in declaring the distress warrant a nullity and in granting the injunction?

■ "The act of 1850, which declared that all misnomers in writs, petitions, bills, or other judicial proceedings on the civil side of the court might be amended and corrected on motion instanter, was not limited or restricted by the insertion of the words 'whether in the christian or surname' in section 3483 of the Code. The term 'christian name' is used in the sense of given name, and includes the name given to a corporation by the legislature." *Johnson* v. *Central Railroad*, 74 *Ga.* 397; *Atlantic Coast Line Railroad Co.* v. *Cook*, 6 *Ga. App.* 128 (64 S. E. 665). In this case the petition was brought against "Knight Drug Stores Inc." The court did not err in allowing an amendment, striking the words "Knight Drug Stores Inc." and inserting in lieu thereof the correct corporate name "Knight's Pharmacy Company." Especially is this true when the witness Dr. W. T. Knight admitted that he was president of Knight's Pharmacy Company and was served with the petition and process.

■ The ruling stated in headnote 2 is a quotation from *Western & Atlantic R. Co.* v. *Dalton Marble Works*, 122 *Ga.* 774 (50 S. E. 978). In *Knox* v. *Greenfield Estate*, 7 *Ga. App.* 305 (66 S. E. 805), it was said "A suit against a designated estate is not a suit with a real defendant, within the purview of the rule just stated." Also: "A dead man can not be sued. The estate of a dead man is mere inanimate property. Suits to bind the estate of a dead man should be brought in the name of a personal representative—an executor, administrator, etc. This is no mere technicality." We recognize the fact that a distress warrant is not a "suit" as that term is generally used, but that it is a summary proceeding. However, in *Cox* v. *Felder*, 36 *Ga.* 597(2) we find a ruling that "an

executor de son tort, who is removing the assets of the deceased out of the county, is liable to be attached, and the assets levied on," which is in effect a holding that even in a summary proceeding it must be brought against the personal representative of an estate, and is of no effect if brought against the "estate" of the deceased. The court did not err in declaring the distress warrant a nullity and in granting the injunction.

*Judgment affirmed.* *All the Justices concur.*

BECK, P. J., and ATKINSON, J., concur in the result.