(No. 24390.

THE MARION WATER COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(ROBERT WHITLOCK, Defendant in Error.)

*Opinion filed February 16, 1938—Rehearing denied April 6, 1938.*

FARTHING, C. J., and ORR, J., dissenting.

DENISON & SPILLER, for plaintiff in error.

R. W. HARRIS, and STONE & FOWLER, for defendant in error.

Mr. JUSTICE SHAW delivered the opinion of the court:

In 1932 the defendant in error, Robert Whitlock, was living on a little tract of about six acres of land in or adjoining the city of Marion, Illinois, which was owned by the plaintiff in error, the Marion Water Company. On this property there was a small house, a pond and about two acres of tillable land. Whitlock, who was then 76 or 78 years old, (he testified he did not remember which,) went to live in this house under an agreement with the superintendent of the water company that he would keep the

place cleaned up, take care of it and keep people from swimming in the pond. On July 11, 1935, while mowing weeds or grass on this property, he fell down and broke his leg, for which accidental injury he was awarded compensation by the Industrial Commission. This award having been confirmed by the circuit court of Williamson county the cause has been brought before us for review on writ of error granted by this court.

There is very little conflict in the small amount of evidence admitted. Whitlock testified that the manager of the water company came to see him and urged him to take the property at $8.50 per month rent, which was to be paid by keeping it cleaned up, while the manager for the water company testified that he consented to Whitlock living in the house, if he would keep the place cleaned up and that he let Whitlock live there because he felt sorry for him. Whitlock himself testified that at the time he went there he was, and ever since has been, "on relief."

The only point necessary for consideration is whether or not Whitlock was an employee of the Marion Water Company at the time of his injury. It is not disputed that he was never on the pay roll of that company nor is it even contended that he was subject to any orders from its manager, except Whitlock's contention that this manager from time to time made suggestions as to cutting weeds or cleaning things up.

Section 5 of the Workmen's Compensation act (Ill. Rev. Stat. 1937, chap. 48, par. 142) provides that: "The term 'employee' as used in this act shall be construed to mean * * * every person in the service of another under any contract of hire, express or implied, oral or written * * * but not including * * * any person who is not engaged in the usual course of the trade, business, profession or occupation of his employer." While we have held that the Workmen's Compensation act will be liberally construed to give effect to its purpose, a strained construction to include

an occupation or employment not fairly within the act can not be supported. *Berry Co.* v. *Industrial Com.* 318 Ill. 312; *Hochspeier* v. *Industrial Board,* 278 id. 523.

It is undisputed that Whitlock was never on the pay roll of the Marion Water Company. There is nothing in the record to show that the work he claims to have been doing was in any way incidental to or connected with the "usual course of the trade, business, profession or occupation," of that company. The most that can be said from the facts before us is that the company let Whitlock live in the little house on this property if he would keep it cleaned up, and his situation is no different than if he had fallen while mopping the floor or washing the woodwork. It would be a strange construction to hold that the legislature intended to impose a penalty and burden upon what appears to have been nothing more than an act of generosity on the part of the water company. Whitlock was not an employee within the meaning of the act and was not entitled to an award of compensation.

The judgment of the circuit court of Williamson county will be reversed and the cause remanded to that court, with directions to enter an order setting aside the award.

*Reversed and remanded, with directions.*

FARTHING, C. J., and ORR, J., dissenting:

We cannot agree with the majority opinion because this court has substituted its judgment, as to the facts established by conflicting testimony, for that of the commission, contrary to the well-established rule in such case, and for the further reason that the evidence shows the injured workman was an employee of the water company and acted under its direction and supervision. The facts that he received the use of property which he occupied instead of money for his services, and that he may have been a tenant as well as an employee, have been held to be immaterial. *Western and Southern Indemnity Co.* v. *Industrial Com.* 366 Ill. 240.