38803. FOWLER v. WHITE et al.

WELTNER, Justice.

Fowler brought an action in Hall Superior Court to enjoin the foreclosure sale on property held as security on a note. The trial court denied relief.

In August 1980, Fowler signed a promissory note in the amount of $40,000, payable to Margie Stewart and secured by a deed to secure debt. Payments on the note were to begin January 1, 1982, and to continue annually for 20 years. An acceleration clause provided: "Should any installment not be paid when due . . . the entire unpaid principal sum evidenced by this note, with all accrued interest, shall, at the option of the holder, and without notice to the undersigned, become due and may be collected forthwith. . . ."

The lender, Margie Stewart, died testate on October 15, 1981, and Letters Testamentary, naming defendants White and Bishop as co-executrices, were issued on January 4, 1982. Fowler was aware of these events, as his wife was a beneficiary under Stewart's will. On

January 12, 1982, Fowler read a notice appearing that day in the Hall County legal gazette directing all debtors of Stewart's estate to make immediate payment to White and Bishop at a certain post office box address.

After reading the notice Fowler requested his wife to call co-executrix White that day to make an inquiry about the debt. There is a dispute as to what was said during this telephone conversation. Fowler and his wife testified that the purpose of the call was to determine when and to whom the debt was to be paid; that Mrs. White said she did not know, but she would ask her attorney to advise the Fowlers. White testified that she was asked only whether the entire debt was then due; that she answered she did not know, and said that Mrs. Fowler would have to contact the estate's attorney.

On January 29, 1982, Fowler received a certified letter purporting to be a notice of default and acceleration, and advising that foreclosure proceedings would commence unless the debt were paid in full. On that day, Fowler tendered to the executrices $3,250.00, the amount due on the first installment plus interest. The executrices refused to accept the tender, gave notice to Fowler to pay the entire debt within 10 days, and began foreclosure proceedings.

Prior to the issuance of Letters Testamentary on January 4, there existed no legal entity capable of receiving Fowler's payment. *Murphy v. Pound,* 12 Ga. 278 (1852); *Knight's Pharmacy Co. v. McCall,* 181 Ga. 617, 618 (2) (183 SE 497) (1936); *Orange County Trust Co. v. Est. of Takowsky,* 119 Ga. App. 366 (166 SE2d 913) (1969). Compliance with the terms of the loan on January 1 was, therefore, an impossibility.

Under the circumstances of this case, Fowler tendered the installment within a reasonable time after there came into existence a legal entity capable of receiving it, and the note was accordingly not in default. Hence, the purported acceleration and subsequent foreclosure proceedings were unauthorized.

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 23, 1982.

*James M. Walters,* for appellant.
*Sartain & Carey, Jack M. Carey,* for appellees.