73760. ESTATE OF ALBERTA NORTON v. HINDS.
(354 SE2d 663)

SOGNIER, Judge.

Charles Hinds, Jr. petitioned the probate court of Catoosa County to set aside the grant of a year's support to Alberta Norton approximately two and one-half years after the grant of the year's support and thirteen months after the death of Norton. No legal representative of Norton's estate had been appointed. Hinds had notice served on Norton's former attorney, several of Norton's children and the county administrator. The probate court ultimately reinstated the grant of year's support and Hinds then appealed to the Superior Court of Catoosa County, naming the "Estate of Alberta Norton" as party defendant. The superior court found that "there does not appear from the record in said case that anyone has been appointed by the Probate Judge of Catoosa County to serve as Executor or Administrator of the Estate of Alberta Norton, deceased, nor has there been a substitution of parties, and that more than 180 days has lapsed since her death, . . ." Nevertheless, the superior court addressed the merits of Hinds' appeal and reversed the probate court's order regarding the year's support. Appeal was made to this court by a party designated as "Estate of Alberta Norton."

"In every suit brought in this State there must be a real plaintiff and a real defendant. The plaintiff or the defendant may be a natural or an artificial person, or a quasi-artificial person, such as a partnership. If the suit is brought in a name which is neither that of a natural person, a corporation, nor a partnership, it is a mere nullity." *Western &c. R. Co. v. Dalton Marble Works*, 122 Ga. 774, 775 (1,2) (50 SE 978) (1905). "In *Knox v. Greenfield Estate*, 7 Ga. App. 305 (66 S.E. 805), it was said 'A suit against a designated estate is not a suit

with a real defendant, within the purview of the rule just stated.' Also: 'A dead man can not be sued. The estate of a dead man is mere inanimate property. Suits to bind the estate of a dead man should be brought in the name of a personal representative — an executor, administrator, etc. This is no mere technicality.' " *Knight's Pharmacy Co. v. McCall*, 181 Ga. 617, 618 (2) (183 SE 497) (1936). Exceptions to the rule that an estate is not a legal entity which can be a party to legal proceedings have been recognized by the courts where, e.g., the estate was the trade or firm name of disclosed individuals operating under that name, *Farmers &c. Bank v. Farkas*, 27 Ga. App. 153, 155 (107 SE 610) (1921); or where the actual parties at interest were involved in the litigation of the suit, such as the personal representative of the estate (*Block v. Voyager Life Ins. Co.*, 251 Ga. 162 (1) (303 SE2d 742) (1983)) or the executor and guardian (*Tingle v. Cate*, 142 Ga. App. 467, 470 (236 SE2d 127) (1977)). These exceptions, however, are inapplicable here where it appears suit was filed in order to bind a non-legal entity, the estate. No personal representative had been named at the time the proceedings were instituted; no personal representative has been properly named in the interval. An application made by one of Norton's children for letters of administration of the estate was met with a caveat from appellee. See generally *Bearden v. Baldwin*, 174 Ga. 191, 197 (2) (162 SE 802) (1931). Although it is the policy of the courts to construe liberally the Civil Practice Act to reach the merits of each case, see *Franklyn Gesner Fine Paintings v. Ketcham*, 252 Ga. 537 (314 SE2d 903) (1984), *Block*, supra at 163, the reason for the requirement that every suit be initiated against a real defendant remains viable in that it is necessary there be someone upon whom the judgment of the court will be effective. See *Orange County Trust Co. v. Estate of Abe Takowsky*, 119 Ga. App. 366, 367 (2) (166 SE2d 913) (1969).

It appears of record that at no point during the entire prolonged proceedings below was the Estate of Alberta Norton properly represented so that a real party existed upon whom the myriad orders and judgments rendered could be effective. This being a legal prerequisite which was not supplied by amendment or otherwise, the courts below were without jurisdiction of the case. Since the lack of jurisdiction appears on the face of the pleadings, we hold, as a matter of law and without any motion to this effect, that all of the proceedings in the case below were null and void. Id. at 367 (4); OCGA § 9-12-16.

*Judgment reversed. McMurray, P. J., and Beasley, J., concur.*

DECIDED MARCH 3, 1987.

*William M. Phillips*, for appellant.

*Frank M. Gleason*, for appellee.