**SECOND DIVISION
MILLER, P. J.,
HODGES and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

_DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES._

**October 14, 2021**

# In the Court of Appeals of Georgia

A21A0864. ESTATE OF RAYMOND A. SUDDETH v. JENNIFER SUDDETH WILLIAMS AS EXECUTOR OF THE ESTATE OF CAROLYN C. SUDDETH.

HODGES, Judge.

In this litigation regarding alleged violations of a divorce decree, the trial court entered an order finding that Raymond A. Suddeth (hereinafter "Raymond") was in contempt of his divorce settlement agreement with Carolyn C. Suddeth (hereinafter "Carolyn") and that Carolyn should be awarded attorney fees.[1] At the time that Carolyn originally filed for contempt, Raymond had passed away, and Carolyn filed suit against Raymond's estate, not Raymond, individually, or the estate's administrator, Roy R. Kelly, III. When the trial court ultimately ruled on Carolyn's

---

[1] The record shows that Raymond and Carolyn were divorced in 1996 pursuant to a final judgment and decree of divorce, which incorporated a settlement agreement, the terms of which form the foundation for the present controversy.

motion for contempt, Carolyn had also passed away, and Carolyn's executor, Jennifer Suddeth Williams, was substituted as a party to the action.[2] See OCGA § 9-11-25. Following the trial court's ruling on the contempt action, the attorneys representing the estate defendant filed an application for a discretionary appeal, which this Court granted. Among other things, the estate defendant now contends that, because the underlying action for contempt has been pursued *only* against Raymond's estate, not Raymond, individually, or the administrator of his estate, the action is a legal nullity at this juncture. For the reasons set forth below, we vacate the trial court's order and remand the case with direction.

The pivotal consideration here is the current posture of this proceeding. The record indicates that Carolyn filed suit against only Raymond's estate, and no action has ever been taken to change the named defendant. In response to Carolyn's pleading defect, the estate defendant filed a motion to dismiss and an amended motion to dismiss, which were denied prior to the hearing on Carolyn's contempt claims. In the order denying the motion and amended motion, the trial court provided no explanation for its ruling. Thereafter, the estate defendant filed a renewed motion to dismiss which was argued at the subsequent contempt hearing. In this renewed

---

[2] Raymond died in April 2017, and Carolyn died in May 2020.

motion, as well as the previous motions, the estate defendant argued that Carolyn's contempt action, now being maintained by Williams as Carolyn's executor, should be dismissed because it was a legal nullity for failing to name the real party in interest.

Following the hearing on Carolyn's contempt action, the trial court issued another order in which it: (1) summarily denied the renewed motion to dismiss, stating that it adopted the previous order (which contained no reasoning) denying the original motion to dismiss and the amended motion to dismiss; (2) found that Raymond was in contempt of the divorce decree, and ordered Kelly, as administrator of Raymond's estate, to pay Carolyn's estate the sum of $42,525 as her interest in two particular parcels of real estate located on Kinnett Road and Memorial Drive (an amount the trial court determined to be an amount equal to 25% of the net funds upon the sale of the properties); (3) found that Raymond was in contempt of the divorce decree, and ordered Kelly, as administrator of Raymond's estate, to pay Carolyn's estate the sum of $32,360.17 as past due alimony for the time period of December 2015 through April 2017; and (4) summarily granted "[Carolyn's] request for attorney's fees under OCGA § 9-15-14 and OCGA § 19-6-2 (a)" in the amount of $5,300.

"As a general rule, an action by or against an estate must be brought or defended by the legal representatives of the estate." *Field v. Mednikow*, 279 Ga. App. 380, 381 (1) (a) (631 SE2d 395) (2006). "A suit against a designated estate is not a suit with a real defendant . . . . The estate of a dead man is mere inanimate property. Suits to bind the estate of a dead man should be brought in the name of a personal representative – an executor, administrator, etc. This is no mere technicality." (Citation and punctuation omitted.) *Estate of Norton v. Hinds*, 182 Ga. App. 35, 35-36 (354 SE2d 663) (1987). Thus, a suit filed solely against an estate is a legal nullity. See id.

There is an action, however, that can be taken to remedy this situation. A party who improperly brings a suit against an estate may seek to amend that party's pleadings to name the proper party in interest, namely the legal representative of the estate. We have previously explained that the Civil Practice Act "allows for amendment to substitute the real party in interest if incorrectly named." (Citations and punctuation omitted.) *Memar v. Styblo*, 293 Ga. App. 528, 529 (667 SE2d 388) (2008). This is also reflected in OCGA § 9-11-17 (a), which provides:

> Every action shall be prosecuted in the name of the real party in interest. . . . No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been

4

allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

See also OCGA § 9-11-15 (allowing for liberal amendments). To date, however, Williams, as the executor of Carolyn's estate, has not availed herself of this remedy by attempting to amend the pleadings to reflect the real party in interest.

So, it becomes necessary to consider whether Williams, as Carolyn's representative, might currently qualify for some exception to the rule that an action cannot be maintained against an estate. In *Hinds*, 182 Ga. App. at 36, we noted that "[e]xceptions to the rule that an estate is not a legal entity which can be a party to legal proceedings have been recognized by the courts where . . . the actual parties at interest were involved in the litigation of the suit, such as the personal representative of the estate. . . . ." (Citations and punctuation omitted.) Our Supreme Court has also recognized this exception in *Block v. Voyager Life Ins. Co.*, 251 Ga. 162 (303 SE2d 742) (1983). There, the party plaintiff was designated only as "Estate of Frank G. Bagley," but the Supreme Court determined that, under the circumstances present in that situation, the lawsuit was not a legal nullity:

We hold that where the party plaintiff named in a complaint is not a legal entity but is reasonably recognizable as a misnomer for a legal

5

entity which is the real party plaintiff, the misnomer may be corrected by amendment. Additionally, a mere misnomer of a party in the pleadings is a defect which may be waived where the misnamed party is in fact the legally cognizable proper party in interest. Since this action has at all times been prosecuted by the personal representative of Bagley and Voyager has stipulated that it has no objection to the substitution of the proper named party, the holding that the action is void and a nullity is reversed.

(Emphasis omitted.) Id. at 163 (1). The *Block* exception appears to be triggered when (1) the personal representative of the estate has, in fact, been fully involved in the litigation process and (2) the pleading defect has been waived. Here, in stark contrast to *Block*, there has been no obvious waiver of the pleading defect. To the contrary, the failure to name the real party in interest has been raised in multiple motions to dismiss.

Therefore, it does not appear that either the remedy or the exception has currently been triggered in this case based on the record now before us. But it also does not appear that the trial court has fully considered these procedural issues.[3] As noted, the trial court made no fact findings regarding either the remedy or exception discussed above and gave no reasoning for its actions in the orders denying the estate defendant's motions to dismiss. Furthermore, there is no indication in the relevant

[3] For this reason, we do not ultimately reach the issue of whether Carolyn's action must be dismissed or not.

orders that the trial court gave any consideration to either OCGA § 9-11-17 (a) or the question of whether any actions taken by Kelly might constitute a waiver of Carolyn's pleading defect. We will not address these issues for the first time on appeal. As a result, we vacate the trial court's order in its entirety and remand this case for the trial court to fully address the issue regarding the real party in interest raised by the estate defendant in order to first determine whether this matter may proceed.

*Judgment vacated and case remanded with direction. Miller, P. J., and Pipkin, J., concur.*