**J. D. MITCHELL, Plaintiff,**

v.

**SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY and Mary Imelda Stanton, Administratrix of the Estate of William A. Stanton, Deceased, Defendants.**

**Civ. A. No. 1580.**

United States District Court
W. D. Arkansas,
Fort Smith Division.
April 12, 1961.

Harper, Harper, Young & Durden, Ft. Smith, Ark., for plaintiff.

Daily & Woods, Ft. Smith, Ark., for defendant Stanton.

Hardin, Barton & Hardin, Ft. Smith, Ark., for defendant Southern Farm Bureau Cas. Ins. Co.

JOHN E. MILLER, Chief Judge.

This case is before the court on plaintiff's motion to remand. The record reflects that the action was originally filed in the Fort Smith Division of the Sebastian Chancery Court on February 13, 1961, and was removed by the defendant, Southern Farm Bureau Casualty Insurance Company, hereinafter referred to as Southern, on March 3, 1961. The plaintiff filed a motion to remand on March 11, 1961, and Southern filed its response on April 5, 1961. Briefs have been received from the parties in support of their respective contentions and have been considered by the court.

The following facts appear from the pleadings to be undisputed. The plaintiff, J. D. Mitchell, is a citizen of Arkansas and a resident of Fort Smith. The defendant, Mary Imelda Stanton, Administratrix of the Estate of William A. Stanton, deceased, is likewise a citizen of Arkansas and a resident of Fort Smith. The defendant Southern is an insurance company, incorporated and existing under the laws of the State of Mississippi, with its principal place of business in that State.

On July 14, 1959, Southern issued to the plaintiff its policy of liability insurance for the purpose of indemnifying the plaintiff for bodily injury up to and including $10,000 and for property damage up to and including $5,000, which the plaintiff might become liable to pay by reason of the operation of his 1955 Ford station wagon. The insurance was in full force and effect at all times material herein.

On December 30, 1959, Mitchell was driving his station wagon and was involved in a collision with an automobile driven by William A. Stanton. Mr. Stanton died as a result of injuries received in the collision. The defendant, Mary Imelda Stanton, as Administratrix of her husband's estate, made a claim against the plaintiff and Southern for damages sustained as a result of the collision. Mrs. Stanton's claim was denied by Southern, and in January 1960 she brought suit against Mitchell in the Sebastian County Circuit Court, seeking damages in the amount of $150,000. Prior to the trial Mrs. Stanton offered to settle the litigation for $10,000, and the plaintiff Mitchell requested that Southern settle within the limits of the policy. Southern refused to settle, and the case proceeded to trial on June 1, 1960, and a jury returned a verdict for

$37,500 in favor of Mrs. Stanton. Mitchell has demanded that Southern pay the full amount of the judgment, but Southern declined and has paid only the amount of $11,500. Therefore Mitchell is indebted now to Mrs. Stanton in the sum of $26,000 on the judgment obtained.

In effect, the plaintiff is seeking judgment against Southern for the balance of the judgment against him on the ground that Southern did not act in good faith, and did not exercise due and ordinary care to protect his interest; that throughout the litigation between Mrs. Stanton and Mitchell, Southern was negligent and acted in bad faith and solely for its own interest, and as a result of Southern's negligence and bad faith in failing to settle within the policy limits, plaintiff has suffered and continues to suffer a personal judgment against him in the amount of $26,000, plus interest.

The present action was filed in the form of a suit for declaratory judgment, and the plaintiff prays for the following relief:

"Wherefore, plaintiff prays:

"That the Court enter its judgment declaring the rights of the parties;

"That the Court declare that said judgment and interest should be paid by Southern Farm Bureau Casualty Insurance Company;

"That the Court declare that the payment and satisfaction of said judgment and interest are the sole obligation of the defendant, Southern Farm Bureau Casualty Insurance Company, as between that defendant and this plaintiff, and that the Court decree that said defendant pay said judgment and interest to the defendant, Mary Imelda Stanton, Administratrix, and thereby relieve the plaintiff of any further obligation to the latter defendant;

"That the said Administratrix be enjoined from any attempt to collect said judgment from the plaintiff during the pendency of this action;

"That the plaintiff recover judgment against the defendant, Southern Farm Bureau Casualty Insurance Company, for the statutory penalty of 12% and a reasonable attorney's fee, together with the costs of this action;

"That upon payment of said judgment by the defendant, Southern Farm Bureau Casualty Insurance Company, to the defendant, Mary Imelda Stanton, Administratrix, the Court decree that the latter defendant satisfy in full her judgment against J. D. Mitchell in Civil Action No. 2717 in the Sebastian Circuit Court;

"And plaintiff prays for all other relief to which he may be entitled either in law or in equity."

Despite the lack of diversity of citizenship between the plaintiff Mitchell and the defendant Stanton, Southern contends that the cause was properly removed to this court on the following grounds: (1) that a separate and independent claim is asserted by plaintiff against it; (2) Mrs. Stanton was fraudulently joined as a defendant in this action; (3) that she is not an indispensable party; and (4) that the court should realign the parties as the interests of the plaintiff Mitchell and the defendant Stanton are identical.

The statute authorizing the removal of suits involving separate and independent claims is found in 28 U.S.C.A. § 1441 (c), which provides:

"(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

The leading case construing this statute is American Fire & Casualty Co. v. Finn, 1951, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702. The action was brought in a Texas state court by a citizen of Texas against two foreign insurance companies and a mutual agent, a citizen of Texas, seeking damages for a fire loss on property allegedly insured. Under plaintiff's pleaded theory liability lay among the three defendants, but she was uncertain which one was liable. After removal by the nonresident companies, plaintiff obtained judgment against one of them, and the other defendants were absolved. The Court of Appeals, 5 Cir., 181 F.2d 845, holding that the case has been properly removed, affirmed. The Supreme Court, however, held that although the judgment debtor had sought the federal court by removal, it was not thereby precluded from seeking reversal and remand, and that the case had been removed without warrant. The court noted that Congress, in eliminating the separable controversy as a basis for removal and in substituting the "separate and independent" claim or cause of action test for removability, sought to simplify removal and intended to abridge the right of removal. After stating that a separate controversy is, in itself, no longer an adequate ground for removal, Justice Reed continued at pages 12, 13 and 14 of 341 U.S., at page 539 of 71 S.Ct.:

> "Of course, 'separate cause of action' restricts removal more than 'separable controversy.' In a suit covering multiple parties or issues based on a single claim, there may be only one cause of action and yet be separable controversies. The addition of the word 'independent' gives emphasis to congressional intention to require more complete disassociation between the federally cognizable proceedings and those cognizable only in state courts before allowing removal.

> "The effectiveness of the restrictive policy of Congress against removal depends upon the meaning

ascribed to 'separate and independent * * * cause of action.' § 1441. Although 'controversy' and 'cause of action' are treated as synonymous by the courts in situations where the present considerations are absent, here it is obvious different concepts are involved * *.

> \* \* \* \* \* \*

> " * * * Considering the previous history of 'separable controversy,' the broad meaning of 'cause of action,' and the congressional purpose in the revision resulting in 28 U.S.C. § 1441(c), 28 U.S.C.A. § 1441 (c), we conclude that where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c).

> "In making this determination we look to the plaintiff's pleading, which controls * * *. The single wrong for which relief is sought is the failure to pay compensation for the loss on the property."

The complaint in the instant case is framed in the form of a suit for declaratory judgment. In this connection, it should be noted that in the Arkansas Declaratory Judgment Act, under the section dealing with parties, Ark.Stat.Ann., § 34–2510 (1957 Supp.), it is stated:

> "When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding. * * "

Plaintiff contends that the claim against Southern is not separate and independent from the claim against Mrs. Stanton, and that both are proper parties defendant, in accordance with the Arkansas Declaratory Judgment Act.

While State substantive law determines, as to nonfederal matters, the nature of rights and liabilities asserted, construction of the removal statute and

the test supplied by subsection (c) involves a federal matter. Edwards v. E. I. du Pont de Nemours & Co., 5 Cir., 1950, 183 F.2d 165. For the purposes of removal, federal law determines who is plaintiff and who is defendant. It is a question of construction of the federal statute on removal and not the state statute, and the state's procedural provisions cannot control the privilege of removal granted by federal statute. Chicago, R. I. & P. R. Co. v. Stude, 1954, 346 U.S. 574, 74 S.Ct. 290, 98 L.Ed. 317.

■ The fact that the plaintiff selected a declaratory judgment action as the vehicle to litigate his claims cannot limit or expand the jurisdiction of this court. Neither can the form of action restrict the right of removal if there exists a separate and independent claim by the plaintiff against Southern, which would be removable if sued upon alone. This principle was recognized by the Court of Appeals for this Circuit in Hartford Accident & Indemnity Co. v. Shaw, 8 Cir., 1959, 273 F.2d 133. There the Hartford Accident & Indemnity Company, a Connecticut corporation, had issued an automobile liability policy to one Miller, a citizen of Missouri, covering a tractor owned by Miller. Miller subsequently leased the tractor to Carson, and the tractor was involved in a collision while in the possession of Carson and while being driven by Shaw. Thereafter Carson commenced a declaratory judgment action in a Missouri state court against Hartford and Miller. Miller counterclaimed against Carson and cross-claimed against Hartford, seeking a declaration of his rights against each of them. The case was removed by Hartford to the United States District Court, which overruled a motion to remand, holding that a separate and independent cause of action had been alleged against the resident defendant. D.C.W.D.Mo. 1959, 178 F.Supp. 571. The Court of Appeals affirmed, and in footnote 2 at page 135 of 273 F.2d stated:

"* * * In case No. 16282 plaintiff Carson and defendant Miller are both citizens of Missouri. Diversity of citizenship exists between Carson and Hartford. These actions were originally commenced in the Missouri State Court and were transferred to Federal Court by Hartford. On motion to remand the trial court properly held that Carson's claim against the insurance company was separate and distinct from that asserted against the resident defendant and remand was properly denied pursuant to 28 U.S. C.A. § 1441(c). * * * "

The plaintiff relies on the case of Gray v. New Mexico Military Institute, 10 Cir., 1957, 249 F.2d 28. There plaintiff alleged that the defendant school had negligently injured him, that the defendant insurance company had issued its liability insurance policy, insuring the school and its employees for negligence, that it wrongfully denied negligence, and that it wrongfully threatened to plead immunity of the school from suit. Damages were sought against both defendants. In denying that separate claims were involved which would warrant removal by the insurance company, the court stated at pages 31 and 32 of 249 F.2d:

"Applying this rule we look to the plaintiff's complaint which controls. He seeks relief for a single wrong, the alleged negligence of the Institute and its employees. A single recovery is sought. A pleading which alleges but one wrong, for which single relief is sought, cannot constitute a separate and independent claim, no matter how many defendants are said to be liable therefor, or how diverse their basis of liability."

In commenting on the Gray case and similar holdings, Professors James Wm. Moore and William VanDercreek stated in their recent article, "Multi-Party, Multi-Claim Removal Problems: The Separate and Independent Claim Under Section 1441(c)," 46 Iowa Law Review, 489, 503 (1961):

"The above decisions do not mean that whenever a plaintiff properly joins defendants there can never be any separate and independent claims. Not at all. Whenever, for example, two or more defendants individually act in such a manner that each has invaded a separate right of the plaintiff and thereby caused as many wrongs, the plaintiff has multiple claims against the several defendants individually. Athough plaintiff joins defendants in one action, on the basis of a common question of law or fact, the claims are separate and independent within the intendment of section 1441(c). Stated differently, where a plaintiff sues to enforce two or more distinct rights, or to redress their invasion, he has as many causes of action. Although modern procedure permits him to and he does join the various defendants because of the presence of a common question of law or fact, plaintiff's claims are separate and independent for removal purposes."

When the complaint in the instant case is considered in its entirety, the court is of the opinion that a separate and independent claim is stated against the defendant Southern, and that such claim is self-sustaining and distinct from the claim against the defendant Stanton. Therefore, the case was properly removed, and plaintiff's motion to remand should be overruled. In view of this holding it is not necessary for the court to pass on the other bases for removal urged by Southern.

An order in accordance with the above is being entered today.