**360**

Vance Alvis HILL and Vance Alvis Hill, Guardian of Martha E. Hill, Plaintiffs,

v.

Bobby J. BRANSCUM, John W. Holland, Aubrey L. Andrews, Affiliated Fund, Inc., National Securities and Research Corporation, The Value Line Income Fund, Inc., Incorporated Income Fund, Diversified Investment Fund, Inc., and Edward E. Bedwell, Trustee, Defendants.

Civ. A. No. 1664.

United States District Court W. D. Arkansas, Fort Smith Division.

Sept. 12, 1962.

Warner, Warner & Ragon, Fort Smith, Ark., for plaintiffs.

Wright, Harrison, Lindsey & Upton, Little Rock, Ark., Dobbs, Pryor & Dobbs, Hardin, Barton & Hardin, Fort Smith, Ark., for defendants.

JOHN E. MILLER, Chief Judge.

On July 23, 1962, the plaintiffs commenced this action in the Sebastian Chancery Court, Fort Smith District. Service of process was had upon the corporate defendants on July 25, 1962, by service upon Clint Jones, State Securities Commissioner and agent for service.

On August 10, 1962, the defendants Affiliated Fund, Inc., National Securities and Research Corporation, and Incorporated Income Fund filed separate petitions for removal, and on August 14, 1962, the defendant Diversified Investment Fund, Inc., filed its separate petition for removal.

The defendant Affiliated Fund, Inc., is a corporation organized under the laws of the State of New York with its principal place of business in the City of New York.

The defendant National Securities and Research Corporation is a corporation organized under the laws of the State of New York, with its principal place of business in the City of New York.

The defendant Incorporated Income Fund is a corporation organized under the laws of the State of Massachusetts, with its principal place of business in the City of Boston.

The defendant Diversified Investment Fund, Inc., is a corporation organized under the laws of the State of Delaware, with its principal place of business in the State of New Jersey.

The plaintiffs are all citizens of Arkansas and reside in the Western District. The individual defendants are citizens of and residents of the State of Arkansas. The amount sought to be recovered by the plaintiffs from each of the removing defendants is in excess of $10,-000.

As grounds for removal, the defendant Affiliated Fund, Inc., in its petition for removal alleged:

" * * * that though there are other defendants named in said action, insofar as said complaint attempts to state a cause of action or a claim against this defendant, said claim or cause of action is wholly separate and independent of and from the claims of the plaintiffs herein with respect to each and all of the other defendants; that the substance of the claim against this defendant is that the plaintiffs herein were the owners of certain certificates of the capital stock of Affiliated Fund, Inc.; that said stock was purchased by the said Affiliated Fund, Inc. upon forged or improper or unauthorized signatures, and prays that this defendant be required to re-issue the specific stock certificates having a value in excess of $22,000, and prays that if said certificates are not issued that they have judgment for the value thereof, which said value is in excess of $22,-000; that the claims against the other defendants herein are similar in respect to the stock certificates of certain other companies in which this defendant is in no wise interested; that said complaint further seeks to recover against certain other defendants on an allegation of fraud, in which this defendant is not interested, and against which no allegations are made in relation thereto, and that therefore the said claim against this defendant is wholly separate and independent of and from

any claim the plaintiffs may have against any other defendant herein."

The petition for removal filed by the defendant National Securities and Research Corporation is identical with the above.

In the petition for removal filed by Incorporated Income Fund, it is alleged:

"The matter in controversy in said action exceeds the sum of $10,-000, exclusive of interest and costs. The claim or cause of action, if any, against Incorporated Income Fund set forth in the complaint is separate and independent from the claims and causes of action asserted against the other defendants in the case."

In the petition for removal filed by the defendant Diversified Investment Fund, Inc., as grounds for removal it alleged:

"That the claim or cause of action asserted by plaintiffs against defendant Diversified Investment Fund, Inc. is a separate and independent claim or cause of action which would be removable if sued upon alone."

It will be noted that the defendant The Value Line Income Fund, Inc., did not file petition for removal, and that plaintiffs seek to recover from it only the sum of $4,539.55.

All of the defendants were joined in the complaint filed by plaintiffs in the Sebastian Chancery Court, Fort Smith District, as authorized by Ark.Stat.Ann., Sec. 27–806 (1947), which provides:

" * * * All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action."

However, for some reason each petition for removal was designated in this court as a separate suit, that is to say, the petition for removal filed by defendant Affiliated Fund, Inc., was docketed as Civil 1664; the petition for removal filed by defendant National Securities and Research Corporation was docketed as Civil 1665; the petition for removal filed by Incorporated Income Fund was docketed as Civil 1666; and the petition for removal filed by Diversified Investment Fund, Inc., was docketed as Civil 1667. On August 15, 1962, when the court was advised of such action, it entered an order consolidating Civils Nos. 1665, 1666 and 1667 with Civil No. 1664, but the plaintiffs filed a separate motion to remand in each case, and for grounds alleged:

"That no separate and independent claim or cause of action against the defendant is stated in the complaint and that said cause is not removable under 28 U.S.C., Sec. 1441, and should be remanded."

However, the removing corporate defendants filed a response in Civil 1664, the action with which the other three had been consolidated, in which they alleged:

"That separate and independent claims or causes of action have been stated against the corporate defendants, severally, and the removal by the corporate defendants is proper.

"Wherefore, the corporate defendants pray that the plaintiffs' motion to remand be denied."

■■ Under Sec. 27–806, supra, the plaintiffs were authorized to join in the action all defendants on the ground that there is asserted against them jointly, severally, or in the alternative a claim for relief which arises out of the same transaction, occurrence, or series of transactions or occurrences, but it is a question of construction of the federal statute upon removal and not the state statute, and the state procedural provisions cannot control the privilege of removal granted by federal statute. Mitchell v. Southern Farm Bureau Cas., Inc., (W.D.Ark.1961) 192 F.Supp. 819, 822–823.

Title 28 U.S.C. § 1441(c), provides:

"Whenever a separate and independent claim or cause of action,

which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

■■ In American Fire & Cas. Co. v. Finn, (1951) 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702, the court held that one purpose of Congress in adopting the " 'separate and independent claim or cause of action' test for removability" was to limit removal from state courts. Under the former statute separable controversies authorized removal of the suit, but a separable controversy is no longer an adequate ground for removal "unless it also constitutes a separate and independent claim or cause of action."

Beginning on page 13 of 341 U.S., on page 539 of 71 S.Ct., the court said:

" * * * Considering the previous history of 'separable controversy,' the broad meaning of 'cause of action,' and the congressional purpose in the revision resulting in 28 U.S.C., § 1441(c), we conclude that where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)."

In Moore's Commentary on the United States Judicial Code, Sec. 0.03(37), beginning at the bottom of page 251, the learned author states:

" * * * But where the plaintiff joins two or more defendants to recover damages for one injury, and even though he charges them with joint and several liability or only several liability, or charges them with liability in the alternative, there is no joinder of separate and independent causes of action within the meaning of Sec. 1441(c). At most a separable controversy is presented where several or alternative

liability is alleged, and is no longer the basis for removal. With deference, we submit that cases taking a contra position have not sufficiently considered the effect of eliminating the separable controversy as a basis for removal, and that the change was in the direction of restricting removal jurisdiction."

In 1A Moore's Federal Practice, 2nd Ed., at pages 654–55, it is stated:

"But where the plaintiff joins two or more defendants to recover damages for one injury, and even though he charges them with joint and several liability or only several liability, or charges them with liability in the alternative, there is no joinder of separate and independent causes of action within the meaning of Sec. 1441(c). At most a separable controversy is presented where several or alternative liability is alleged, and is no longer the basis for removal."

In Henry Kraft Mercantile Co. v. Hartford Acc. & Indemnity Co., (W.D. Mo.1952) 107 F.Supp. 505, Circuit Judge Albert A. Ridge while District Judge for the Western District of Missouri, after considering American Fire & Cas. Co. v. Finn, supra, beginning at page 506 said:

" * * * The Supreme Court, construing the 'separate and independent' phrase contained in § 1441(c), supra, and defining the present right of removal there authorized by Congress, specifically points out that said new section was intended to limit the present right of removal of actions from state courts to federal courts, and that, as a consequence of said limitation, 'a separable controversy is no longer an adequate ground for removal unless it also constitutes a separate and independent claim or cause of action. Compare Barney v. Latham, 103 U.S. 205, 212, 26 L.Ed. 514, with the revised § 1441. Congress (the Court said) has authorized removal now under § 1441(c) only when there is a separate and independent claim or cause

of action.' (Par. added.) American Fire & Cas. Co. v. Finn, 341 U.S. ■ 11, 71 S.Ct. 534, 538 [95 L.Ed. 702]. In considering the distinction which must now be made between the terms 'controversy' and 'cause of action,' as generally understood under former Section 71, Title 28 U.S.C.A., as now limited by the 'separate and independent' requirements of the present statute, for the purpose of testing removability, and giving effect to the Congressional intent of limiting and simplifying removal proceedings thereby, the Court ruled that 'in a suit covering multiple parties or issues based on a single claim, there may be only one cause of action and yet be separable controversies.' 341 U.S. loc. cit. 12, 71 S.Ct. loc. cit. 539. The Court concluded that in light of the word 'independent' contained in said section, 'that where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)', (341 U.S. loc. cit. 14, 71 S.Ct. loc. cit. 540), giving rise to a right of removability thereunder."

The court further stated on page 507:

"It is to be observed from the ruling made in the Finn case, supra, that the fact that the liability of several defendants in a given action may be founded upon different forms of action, does not, standing alone, mean that there exist 'separate and independent' claims or causes of action, giving rise to the right of removal where they arise from a single wrong."

In Snow v. Powell, (10 Cir. 1951) 189 F.2d 172, at page 174, the court in defining the words "separate and independent claim" said:

"The critical words 'separate' and 'independent' are used in the conjunctive and should be given their full significance in order to carry out the intent and purpose of Congress to limit removals and to simplify the determination of removability.

"The word 'separate' means distinct; apart from; not united or associated. The word 'independent' means not resting on something else for support; self-sustaining; not contingent or conditioned."

■ In determining whether the claim asserted by plaintiffs against the removing corporate defendants is a separate and independent claim, we look to the plaintiffs' pleading or complaint which controls. Pullman Co. v. Jenkins, 305 U.S. 534, 537–538, 59 S.Ct. 347, 349, 83 L.Ed. 334.

■ In determining whether a case is removable, the court must exercise the same care to protect the jurisdiction of the state court as is exercised in protecting the jurisdiction of the federal court. Morris v. E. I. Du Pont De Nemours & Co., (8 Cir. 1934) 68 F.2d 788, 793; Huffman v. Baldwin, (8 Cir. 1936), 82 F.2d 5.

■ In considering a motion to remand, the court should not examine the plaintiff's complaint closely enough to determine whether a flaw exists in it, or whether it is subject to a motion to dismiss. Garroutte v. General Motors Corp., (W.D.Ark.1959) 179 F.Supp. 315, and cases therein cited.

In opposition to the motions to remand, the removing corporate defendants have cited the case of Mitchell v. Southern Farm Bureau Cas. Ins. Co., (W.D.Ark.1961) 192 F.Supp. 819, as an authority to support their contention that the claims asserted against the removing defendants are separate and independent claims. This court believes that it reached the right conclusion in the Mitchell case, but cannot agree that it supports the contention of the defendants. In that case Mrs. Stanton, as Administratrix of the Estate of her deceased husband, had obtained a judgment against Mitchell in the sum of $37,500 for damages on account of the negligent operation by Mitchell of an automobile

which proximately caused the death of the decedent, Stanton. The Southern Farm Bureau Cas. Ins. Co. was the liability insurance carrier of Mitchell. The policy issued by it to Mitchell indemnified him for bodily injury up to and including $10,000 and for property damage up to and including $5,000, which Mitchell might become liable to pay by reason of the operation of his automobile. Mrs. Stanton, as Administratrix of the estate of her deceased husband, filed a suit against Mitchell seeking to recover $150,000 as damages. Prior to the trial Mrs. Stanton offered to settle the litigation for $10,000, and the plaintiff Mitchell requested his liability insurance carrier to settle within the limits of the policy. The insurance company refused to settle, and the case proceeded to trial, which resulted in a judgment against Mitchell for $37,500. The insurance company promptly paid $11,500, being $10,000 for personal injury and $1,500 for property damage, thus leaving a judgment against Mitchell in favor of Mrs. Stanton for $26,000.

Mitchell sued the Southern Farm Bureau Cas. Ins. Co. in a state court because of its failure to settle the claim against him within the policy limits, and also joined as a defendant Mrs. Stanton, as Administratrix, and sought to enjoin her from any attempt to collect the balance due on the judgment. The insurance company removed the case to this court on the ground that a separate and independent claim was asserted by Mitchell against it. The plaintiff Mitchell moved to remand, but the court, after considering the question, denied the motion to remand and stated at page 824 of 192 F.Supp.:

> "When the complaint in the instant case is considered in its entirety, the court is of the opinion that a separate and independent claim is stated against the defendant Southern, and that such claim is self-sustaining and distinct from the claim against the defendant Stanton."

There can be no question but that the claim of the insurance company in the Mitchell case was a separate and independent claim. Mitchell had no claim against Mrs. Stanton as Administratrix. On the other hand, she had a claim against him for the balance due on the judgment. The liability of Mitchell had been adjudicated, and the only possible question that remained in the case was whether the liability insurance carrier of Mitchell was liable to him because it allegedly was negligent and acted in bad faith, and solely for its own interest in refusing to settle the entire claim prior to judgment within the policy limits.

The defendants also cite and rely upon Baltimore Gas & Electric Co. v. U. S. Fidelity & Guaranty Co., (D.Md.1958) 159 F.Supp. 738; Breslerman v. American Liberty Ins. Co., (E.D.N.Y.1959) 169 F.Supp. 531; and Evangelical Lutheran Church v. Stanolind Oil & Gas Co., (8 Cir. 1958) 251 F.2d 412, in support of their contention that the claims of plaintiffs are separate and independent claims or causes of action. The court does not believe that any of the cases cited and relied upon by the removing corporate defendants sustain their contention. Each case must stand upon its own bottom, and in determining whether the claim asserted is a separate and independent claim, the totality and applicability of the allegations in the complaint to the various defendants, together with the relief sought by the plaintiffs, must be considered.

Also, in a letter memorandum dated September 5, 1962, the defendant Diversified Investment Fund, Inc., contends that "as to Diversified Investment Fund, Inc., the plaintiffs ask only for an equitable decree finding the purported sale to be null and void and directing Diversified to make restitution of the stock and to account for all dividends paid or payable subsequent to the sale. Upon failure to make restitution of the shares of stock, the plaintiffs ask for the equivalent in the market value of the stock. The relief sought from Diversified with respect

to its shares of stock is not sought from any other defendant."

The plaintiffs alleged that on and prior to July 15, 1961, they owned and held as joint tenants with right of survivorship, and not as tenants in common, certain shares of stock sold and issued to them by the defendant nonresident corporations, to-wit:

2,600 shares of the capital stock of Affiliated Fund, Inc., evidenced by three certificates for 1,703, 260 and 630 shares, respectively; and 637 shares evidenced by Certificate No. N471371;

3,492 shares of the capital stock of National Securities and Research Corporation, of which 1,317 were of a Dividend Series, 977 shares of its Income Series, and 1,198 shares of its Stock Series;

815 shares of the capital stock of The Value Line Income Fund, Inc., evidenced by one certificate. (This defendant did not file a petition for removal as the value of the stock was alleged to be only $4,539.55.)

1,083 shares of the capital stock of Incorporated Income Fund evidenced by two certificates for 1,058 and 25 shares, respectively;

1,198 shares of the capital stock of Diversified Investment Fund, Inc., evidenced by three certificates for 1,063, 36 and 39 shares, respectively.

That the plaintiff, Martha E. Hill, is the mother of plaintiff, Vance Alvis Hill; that she is 89 years of age and is now and was at all times material herein in a frail and weakened condition; that she is blind in one eye and that her vision in the other is greatly impaired; "that she is laboring under the disability of mental illness and was and is wholly incapable of exercising reasonable judgment in regard to her property or the ordinary affairs of life, and was unable to intelligently comprehend and act upon business transactions, and was and is thereby prevented from understanding the nature and consequences of her acts.

That on February 8, 1962, she was adjudicated by the Sebastian County Probate Court for the Fort Smith District to be incompetent and of unsound mind, and that such condition existed at the time of the unlawful and unauthorized transactions hereinafter more fully set forth."

That the individual defendants, Bobby J. Branscum, John W. Holland, and Aubrey L. Andrews, citizens of Arkansas, wrongfully, wilfully and unlawfully connived and conspired to obtain possession of the stock certificates, and that the defendant Branscum, acting pursuant to the arrangement with Andrews and Holland, obtained possession of the stock certificates by stealth, trickery and imposition, and with the aid and assistance of his said associates, "by forgery, fraud and misrepresentation, he purported to sell and to assign said shares of stock to the respective companies issuing the same, and to obtain and receive all of the proceeds derived therefrom, and that he and his associates divided and appropriated the same to their sole benefit, thereby robbing, cheating, and swindling the lawful owners of their said property, all as more fully set forth in the following counts of this complaint."

The plaintiffs then stated their claim against each corporate defendant, and in effect alleged that the names of the plaintiffs on the assignments were forged or caused to be written by some unauthorized person unknown to plaintiffs; that the assignments so executed on the stock certificates were forwarded by mail to the corporate defendants for repurchase; that each of said nonresident defendants failed to require a valid verification or guarantee of signatures; that their officers and employees purported to guarantee the forged signatures on said stock certificates when they had no knowledge whatsoever of the facts in that connection; that the action of the removing corporate defendants and the acts of the individual Arkansas defendants combined to cause the loss of plaintiffs' property; that checks were issued payable to the plaintiffs for the amount due

on the various stock certificates, and mailed to Branscum, or to the plaintiffs in care of Branscum; that the name of the plaintiff, Martha E. Hill, was unlawfully placed on the checks as an endorsement, and the checks cashed and the proceeds appropriated by the individual resident defendants hereinbefore named.

The plaintiffs further alleged that immediately upon discovery by them of the alleged fraud they demanded of the issuers that the stock be returned to them, and that they account for all dividends payable subsequent to the purported sale and purchase.

The plaintiffs prayed that if the stock certificates are not reissued and delivered to them together with all dividends that had accrued thereon, that they have judgment against the issuers for the value of said stock and accrued dividends and for judgment against the defendants Branscum, Holland and Andrews for the value of said stock and accrued dividends, with interest thereon, and for all other and further relief.

Thus, it will be seen that the plaintiffs are claiming a joint and several liability against Branscum, Holland and Andrews, and each of the removing corporate defendants for the value of the stock certificates issued by each and repurchased from Branscum, Holland and Andrews upon forged or unauthorized signatures.

The claims of plaintiffs against the removing corporate defendants are separate and independent as to each other, but the claims against each corporate defendant and the individual defendants, citizens of Arkansas, are joint and several and not separate and independent claims against the citizens of Arkansas and the removing corporate defendants. In other words, the claims against each of the removing defendants and the individual citizen defendants arise from an interlocked series of transactions and constitute a single wrong to plaintiffs for which relief is sought. The fact that the plaintiffs have also asserted alternative liability is not a ground for removal. The claim against each of the corporate de-

fendants is not self-sustaining, but is so closely connected with the claim against the Arkansas defendants that it may be considered as contingent or conditioned upon the liability of the Arkansas defendants, and therefore the claims asserted against the removing corporate defendants are not independent of the claims asserted against the resident citizens.

The statement of Judge Ridge in Henry Kraft Mercantile Co. v. Hartford Accident & Indemnity Co., supra, beginning on page 507 of 107 F.Supp., is apropos of the situation in the instant case:

"Applying the aforementioned concepts to the right of removal here asserted, it is clear that the claim against Hartford is associated with and contingent upon proof of the fact of unlawful conversion by the defendant Koehler as alleged in the complaint. Although one controversy arising therefrom is founded upon tort, and the other in contract, it is obvious that substantially the same set of facts is necessary to establish the liability of both defendants herein. The alleged tort of Koehler gives rise to the claim plaintiff here makes against the instant corporate defendant, and said claim is dependent upon proof of the single wrong Koehler is alleged to have committed. As a consequence, the corporate defendants' contract liability is not independent and separate from the claim plaintiff here makes against defendant Koehler, so as to authorize the removal of this cause from the state court under § 1441(c), supra."

The removing corporate defendants have filed individual motions to dismiss on the ground that the issuance of summons and service of process is illegal and void and a complete nullity, and that the same should be quashed and the complaint dismissed, but in view of the conclusion that the court has reached on the motion of plaintiffs to remand, it is not necessary to consider the motions to dismiss.

368

The motions to remand herein should be sustained, and an order is being entered today sustaining the motions and remanding the case to the Chancery Court of Sebastian County, Fort Smith District, whence it was removed.