## 46550. DONEHOO v. COMMERCIAL BANK & TRUST COMPANY

WHITMAN, Judge. The complaint of Philip J. Donehoo, Jr., was brought against the Commercial Bank & Trust Co. as guardian of the property of Philip J. Donehoo, III, Edward S. Donehoo and Donald M. Donehoo. The appeal is from an order dismissing the complaint as to the bank in its capacity as guardian of the property of Philip J. Donehoo, III.

Donehoo's complaint shows that the guardian's wards are his three sons, and that his sons are the beneficiaries of a trust established by a maternal great aunt. Under the terms of the trust the trustee was not to distribute to any one son his share of the trust corpus until he attained the age of 21, but was during the interim to pay out the net income from such share for the beneficiary's benefit. The defendant bank was duly appointed the guardian of the property of the sons for the purpose of receiving the net income from their trust shares.

The complaint of Donehoo alleges that he has expended certain sums (e.g., living, education, transportation, insurance, medical, etc.) for his sons' benefit and was entitled to be reimbursed therefor from the accumulated income.

The bank's motion to be dismissed with regard to its guardianship of Philip J. Donehoo, III, was made upon the ground that since the institution of the suit in February, 1970, said ward had attained his majority (became 21 in January, 1971). A certified copy of a birth certificate sustains this assertion and there is no dispute in this regard. *Held:*

1. The appellee's motion to dismiss the appeal is denied.

2. "The office of guardian of a minor expires by operation of law on arrival of the minor at majority, and no order severing the relationship is necessary . . . [Cits.]" *Pardue Medicine Co. v. Pardue,* 194 Ga. 516 (4) (22 SE2d 143). The only purpose for which the relationship is deemed to continue is for the settlement of accounts between the guardian and the ward. *Morgan v. Woods,* 69 Ga. 599; *Pettigrew v. Williams,* 65 Ga. App. 576, 584 (16 SE2d 120); *Code* § 49-301.

Appellant takes the position that the trial court should not have

dismissed the bank as party defendant when its ward attained his majority, but should have continued the action against the bank or, if the bank filed a proper motion, substituted or joined Philip J. Donehoo, III, as party defendant. CPA § 25 (c) (*Code Ann.* § 81A-125 (c); Ga. L. 1966, pp. 609, 634), cited in support of this position, provides: "In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party."

We see no transfer of interest in the case. The plaintiff's complaint is seeking a remuneration from his son's separate estate. The legal title to the property of an infant is in the ward, not in the guardian. A guardian, unlike a trustee, has no beneficial title in the ward's estate. A guardian is merely a custodian or manager. The possession of the guardian is deemed to be the possession of the ward. 39 CJS 116, Guardian and Ward, § 75; 39 AmJur2d 10, 93, Guardian and Ward, §§ 2, 111.

The trial court did not err in granting the motion to dismiss.

*Judgment affirmed. Eberhardt, J., concurs. Hall, P. J., concurs in the judgment.*

Argued September 20, 1971—Decided October 13, 1971.

*Smalley & Cogburn, John M. Cogburn, Jr.,* for appellant.
*Seay & Sims, Clifford Seay,* for appellee.