## 53955. TINGLE v. CATE et al.

ARGUED MAY 5, 1977 — DECIDED MAY 13, 1977 — REHEARING DENIED MAY 31, 1977 —

William G. McRae, Paul A. Martin, for appellant.
Peek & Whaley, J. Corbett Peek, Jr., James Garland Peek, for appellees.

DEEN, Presiding Judge.

1. We deal with the first five enumerations of error together. Basically, the executor's trover actions have been based on the theory that at the moment of Mary Tingle's death the right to possess and administer all personal property of the decedent vested in him for purposes of payment of debts and distribution to the exclusion of any considerations relating to the guardianship. The practical effect would be that gross assets, rather than net assets of the guardianship estate would be administered by the executor with a possible resulting change in the priorities of creditors.

The law of this case was settled in *Tingle v. Harvill,* 230 Ga. 70, supra, that pending the appeal of the guardianship case the executor Tingle was barred from interfering in any way with Mrs. Harvill's continuation of her duties as guardian. Therefore, the guardianship did not end until the ward's death; at that time it was terminated for all purposes except those involved in the final accounting. "For the purpose of settlement of accounts between the guardian and the ward the relationship of guardian and ward does not terminate when the ward reaches majority." *Pettigrew v. Williams,* 65 Ga. App. 576, 584 (16 SE2d 120), and see *Donehoo v. Commercial Bank & Trust Co.,* 124 Ga. App. 588 (184 SE2d 690). There is no reason why a different rule should apply when the ward dies. Attorney fees incurred by the guardian in the exercise of his duties are a charge against

the estate of the ward, in a subsequent controversy between the guardian and the executor and may be claimed by the guardian as such. *Dowdy v. Jordan,* 128 Ga. App. 200 (3) (196 SE2d 160). We therefore agree with the appellees that debts incurred in the course of the guardianship should be taken into account in the final return of the guardian rather than being carried over into a general administration of the estate where quite possibly the legal consequences may be different from those apparently inhering at the time of their occurrence. As was stated in a similar situation in State of Arizona v. Greenhaw, 50 Ariz. 436 (72 P2d 950): "We are of the opinion that . . . the estate of the decedent consists of whatever assets remain after the legal claims arising by virtue of the guardianship have been properly satisfied. If this were not true, there would be endless confusion created by contests between guardians on the one hand and executors or administrators on the other."

This ruling is dispositive of the substantive issues in this case. Since Mrs. Harvill continued in the capacity of guardian until the death of Mary Tingle, and the judgment in favor of the various attorneys establishes their right to fees incurred during that guardianship, the right of the executor to possession of the various notes and deeds constituting assets of the estate was subordinate to that of the judgment creditors of the estate in guardianship and the various trover actions brought by the executor must of necessity fail insofar as the rights of these creditors are concerned.

2. The appellees here were not parties to the trover action between the executor and the Sheriff of Fulton County nor did they claim "under" the latter, and they are not concluded by any judgment entered therein. Code § 110-501; *Stanley v. Laurens County Bd. of Ed.,* 188 Ga. 581 (3) (4 SE2d 164). Trover may be based on title or merely on present right of possession at the time the action is brought. *White v. Dotson,* 41 Ga. App. 436 (1) (153 SE 233). The Fulton County trover suit was therefore irrelevant to the issues attempted to be made against the appellees here.

3. Lastly, it is urged that any judgment against the "Estate of Mary Alice Tingle" would be a complete nullity,

and any levy of execution based thereon would be illegal. We thoroughly agree that "a suit against a designated estate is not a suit against a real defendant" (*Knox v. Greenfield's Estate,* 7 Ga. App. 305 (66 SE 805)) and that if these appellees had filed an action in the superior court against the "Estate of Mary Alice Tingle" it would have been a nullity. The record shows this did not occur. The claim against the guardianship for legal fees originated in the court of ordinary docketed "In Re: Estate of Mary Alice Tingle" and apparently was so docketed in the superior court on appeal. But the jury trial in the latter court proceeded against the actual parties at interest, the executor and the guardian. So far as this record shows no question of lack of proper parties was ever raised in that action. The judgment was amended on motion to show the true status of the litigation. "A judgment may be amended to conform to the verdict on which it is based, even after execution issues [Code § 110-311]. So, in this connection, where a verdict is rendered against the defendants in an action, and the judgment does not show that it is against the defendants, the same may be amended to conform to the verdict and show that it is against the defendants." *Miller v. Jackson,* 49 Ga. App. 309 (2) (175 SE 409).

*Judgment affirmed. Webb and Marshall, JJ., concur.*