**COWART IRON WORKS, INC.,**
Plaintiff,

v.

**PHILLIPS CONSTRUCTION COMPANY, INC., First Defendant,**

and

**The American Insurance Company, Second Defendant,**

**and 7.879 acres of land, more or less, known as Richmond Plaza Shopping Center.**

**Civ. A. No. 180–116.**

United States District Court, S. D. Georgia, Augusta Division.

Feb. 9, 1981.

---

Stanley C. House, Augusta, Ga., for plaintiff.

Glower W. Jones, Smith, Currie & Hancock, Atlanta, Ga., for Phillips and Am. Ins. Co.

William A. Trotter, III, Augusta, Ga., for Golden.

Richard A. Slaby, Augusta, Ga., for Rembrant, Inc.

Ellwood F. Oakley, III, Atlanta, Ga., for Lazenby Sprinkler Co., Inc.

## ORDER

BOWEN, District Judge.

First defendant, Phillips Construction Company, Inc. [Phillips] entered into a general construction contract with one Donald D. Golden [Golden] to construct certain buildings and other improvements on property owned by Golden, described in plaintiff's original complaint as 7.879 acres of land, more or less, known as Richmond Plaza Shopping Center. American Insurance Company [American], as surety for Phillips, executed a labor and material performance payment bond naming Golden as obligee. Plaintiff, Cowart Iron Works, Inc. [Cowart], brought this action in Superior Court of Richmond County, Georgia, claiming $50,-861.52 as an amount due under its contract. Although Golden was not named as a party defendant in the original state court complaint, he was personally served with process. Cowart seeks a general judgment against Phillips and American and the foreclosure of a special lien against the property of Golden. Thereafter, Phillips and American petitioned this Court for removal pursuant to 28 U.S.C. § 1446.

The pertinent subsequent procedural development of this action may be outlined as follows:

(1) Phillips and American moved to stay the proceedings in the main action pending arbitration.

(2) Donald D. Golden moved to intervene as a party defendant and filed a proposed answer.

(3) Intervener Golden moved to remand.

(4) Phillips and American filed a third-party complaint against Donald D. Golden.

(5) Phillips and American moved to stay all proceedings in the third-party complaint for arbitration and for consolidation of said arbitration with the previously moved for arbitration between plaintiff and Phillips and American.

(6) By order, the Court stayed any arbitration proceedings brought before the American Arbitration Association by Phillips and American.

(7) Third-party defendant Golden answered the third-party complaint of Phillips and American and included a two count counterclaim against defendants third-party plaintiffs.

(8) Stemming from third-party defendant Golden's counterclaim against defendants third-party plaintiffs Phillips and American, said third-party plaintiffs timely filed some 27 third-party complaints against various parties allegedly liable for all or part of third-party defendant Golden's claim.

(9) Phillips and American belatedly brought a third-party complaint against Southern Roadbuilders, Inc. and moved for leave to cause a summons and third-party complaint to be served on Southern Roadbuilders, Inc.

(10) Phillips and American dismissed without prejudice four third-party complaints.

(11) Third-party defendant Temperature Engineering Corporation moved to dismiss the third-party complaint filed by Phillips and American, or, in the alternative for a more definite statement or to strike certain parts of the third-party complaint.

(12) Because of the extensive third-party practice in this action, numerous crossclaims and counterclaims were filed.

(13) Phillips and American moved to stay proceedings for arbitration and to compel all parties, including third-party defendants, to submit their claims to arbitration.

Of concern at present are the motions by Phillips and American to stay proceedings for arbitration and consolidation of arbitration, and the motion of Golden to remand. The Court must resolve the subject matter jurisdiction issue raised by the motion to remand before deciding any other issues.

In support of the motion to remand, intervener Golden argues that he was a real and proper party in the original complaint, and, as such, was required to join in the removal petition filed by Phillips and American to effectuate removal pursuant to 28 U.S.C. § 1441(a). Phillips and American counter, in the alternative, that: (1) Golden was not named as a party defendant in plaintiff's original complaint, and, therefore, his joinder in the removal petition is unrequired; (2) plaintiff's foreclosure action, naming 7.879 acres of land, more or less, as defendant, was improperly brought and would be considered a nullity under Georgia law; or (3) assuming Golden was a proper party defendant for removal purposes, the case is properly before the Court under the provisions of 28 U.S.C. § 1441(c).

With respect to the last enumerated argument of Phillips and American, the Court previously considered the applicability of 28 U.S.C. § 1441(c) in a situation analogous to the present action in a companion case, *Rembrant, Inc. v. Phillips Construction Co., Inc.*, 500 F.Supp. 766 (S.D.Ga.1980). In *Rembrant*, the Court recognized that section 1441(c) prescribed an exception to the general rule that all properly joined defendants must join in the removal petition, *see Tri-Cities Newspapers, Inc. v. Tri-Cities P.P. & A. Local 349*, 427 F.2d 325 (5th Cir. 1970), and concluded that:

action 1441(c) may be invoked only when the following elements are present: (1) separate and independent claims are joined in one action, (2) one of the claims

would be removable if sued upon alone either on the basis of federal question or diversity jurisdiction, and (3) at least one of the claims is of a nonremovable character.

In ordering the *Rembrant* action remanded, the Court held that, even assuming separate and independent claims against the joining and nonjoining defendants, section 1441(c) did not sanction removal when, as was the case in *Rembrant*, neither claim was of a nonremovable character by itself and plaintiff asserted no other nonremovable claim.

■ A similar conclusion would follow in this case, assuming Golden is a proper party defendant for purposes of removal. Complete diversity of citizenship exists between Golden, a Kansas citizen, and Cowart, a Georgia citizen. Thus, both the purported claim against Golden as well as the claim against Phillips and American would be removable if sued on alone. The section 1441(c) "separate and independent claim or cause of action" exception to the requirement that all defendants join the removal petition would be therefore inapplicable.

■ Before considering the remaining arguments for removal advanced by Phillips and American, the Court reiterates certain fundamental tenets concerning removal as stated in *Rembrant* :

On a motion for remand, the burden of showing subject matter jurisdiction rests with the party seeking removal. 14 C. Wright & A. Miller, *Federal Practice and Procedure* § 3739, at 754 (1976). The right of removal is purely statutory, *see Great Northern Ry. Co. v. Alexander*, 246 U.S. 276, 280 [38 S.Ct. 237, 239, 62 L.Ed. 713] (1918), and, as a congressionally imposed infringement on a state's power to determine controversies in their courts, removal statutes must be strictly construed. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 [61 S.Ct. 868, 872, 85 L.Ed. 1214] (1941). Thus, "[i]n a case where the basis for jurisdiction is doubtful, the Court should resolve such doubt in favor of remand." *McCurtain County Production Corp. v. Cowett*, 482 F.Supp. 809, 812 (E.D.Okl.1978).

The purpose of this judicial construction of the removal statutes is to prevent "exposing the plaintiff to the possibility that he will win a final judgment in federal court, only to have it determined that the court lacked jurisdiction on removal." C. Wright & A. Miller, *supra* § 3721, at 537.

As noted earlier, the general rule is that all defendants who have been served, with the exception of nominal or formal parties or parties improperly joined, must concur in the removal petition to effect removal. *See generally* C. Wright & A. Miller, *supra* § 3731, at 719. The issue raised by the motion to remand is whether a party, not expressly named as a party defendant, in state court in rem foreclosure action on the party's property is entitled to remove when the party is served with process in the original state court proceeding, and after a removal petition is filed by other named defendants seeks to make a general appearance to defend the action.

Under the general removal statute, section 1441, a civil action is ordinarily removable if it is brought in state court and is within the federal court's original jurisdiction, such as diversity cases. 28 U.S.C. § 1332. A civil action is considered "brought" in state court when, among other things, a party's person or property is subjected to judicial restraint. *See* 1A *Moore's Federal Practice Manual* ¶ 0.157[4.–11], at 86 (2d ed. 1979). As with other aspects of removal, the determination of when a civil action is brought is a matter of federal law. *See id.* at 83. State procedural provisions are not controlling. *See International Equity Corp. v. Pepper and Tanner, Inc.,* 323 F.Supp. 1107 (E.D.Pa.1971); *Hill v. Branscum,* 208 F.Supp. 360 (W.D.Ark.1962). Thus, removal before a plaintiff has pleaded in state court, or removal even though there may be no state file on the case, may nevertheless be sanctioned in federal court. *See* 1A *Moore's Federal Practice Manual, supra,* at 86 n.17.

The requirement that original jurisdiction exists in the federal court is normally met where plaintiff's complaint presents a federal question or complete diversity exists between the parties. In this case, Cowart could have brought the action enforcing its special lien against the property of Golden in federal court on the basis of diversity subject matter jurisdiction. The validity of Cowart's pleading, that is naming the land as a party defendant, may be questionable under state procedural practice. Yet, this would not necessarily be fatal to the federal action, where, as in Cowart's state court proceeding, service was perfected on Golden, the real party in interest, and Golden chose to appear and defend the action as a named party defendant through intervention of right or was added as a named defendant by order of the Court upon finding Golden an indispensable party.

Turning to the facts of this action, it appears that Golden's name was omitted inadvertently or intentionally as a party defendant in the caption of the state court complaint. The body of the complaint sets forth the purported cause of action for a special lien, describes the property, and names Golden as the owner. Golden, a Kansas citizen, was personally served with process. Named defendants Phillips and American filed a petition for removal and thereafter Golden filed his answer to the original state court complaint as defendant intervener.

Phillips and American contend in support of removal that Cowart's action to enforce the special lien, naming the land as defendant, is a mere nullity under Georgia law since Georgia procedural practice provides that only natural, artificial, or quasi-artificial persons may be parties to a state action. *See Orange County Trust Co. v. Estate of Takowsky,* 119 Ga.App. 366, 166 S.E.2d 913 (1969). Thus, it is argued that Golden may not be considered a party to the state action.

As stated earlier, matters bearing upon removal are governed by federal law; state law and matters of state procedure are not controlling. Assuming, however, the applicability of Georgia procedural law, the Court notes that state actions involving named party defendants, not natural, artificial or quasi-artificial persons, are not nulli-

ties *per se.* Where the action, although brought against "non-parties," proceeds against the actual parties at interest, a valid judgment may be entered. *See Tingle v. Cate,* 142 Ga.App. 467, 236 S.E.2d 127 (1977). Thus, if Cowart's action against the land had proceeded in state court and Golden had appeared and defended, as he did once the case was removed, the state action would not be considered a nullity.

Based upon the foregoing analysis, the Court finds that, Count II of Cowart's complaint, as viewed on its own merits, is a civil action "brought" in state court within the meaning of section 1441(c) in which Golden is the real party in interest. The in rem action set in motion the state's judicial machinery against Golden's property. Golden was personally served and was prepared to appear and defend the action. An identical pleading could have been maintained as a federal court action on the basis of diversity subject matter jurisdiction. If Count II was brought as a separate action in state court, Golden, upon receipt of service of process and as the real party in interest of diverse citizenship, would be substantively entitled to remove to federal court. Thus, in this action, Golden must be considered a party entitled to remove, and, therefore, his concurrence in the removal petition is required to effect removal.

Accordingly, in light of the judicial policy favoring remand when the propriety of removal is doubtful so as to ensure the jurisdictional validity of any judgment, this action is hereby ordered remanded to the Superior Court of Richmond County, Georgia.