A92A2362. BENNETT v. L. L. BLOCKER ESTATE.
(429 SE2d 147)

POPE, Chief Judge.

This case involves a processioning of land gone awry. The record shows appellant Wilma H. Bennett, in her capacity as executrix of the estate of Joseph L. Harris, filed in the probate court an application for processioning of land to determine the boundary between land held by the estate of Mr. Harris and adjoining land held by the estate of L. L. Blocker. The petition alleged that title to the adjoining land was vested in Gertrude Irene Floree Blocker as the executrix of Mr. Blocker's estate. The processioning was conducted and a plat was filed by the processioners with the probate court. Appellant filed a protest to the return of the processioners with the probate court. The record shows the deputy clerk of the Wayne County Superior Court acknowledged receipt of the record transferred by the probate court in response to appellant's protest.

The earliest document in the record after the case had been transferred to the superior court is an order from the trial judge scheduling a pre-trial conference. The style of the order is as follows: "Wilma H. Bennett, Executrix Estate Joseph L. Harris, Plaintiff vs. L. L. Blocker Estate, Defendant." The superior court case proceeded under this style. A motion to dismiss was brought by the defendant/

appellee on the ground the action was not brought against a legal entity. Plaintiff/appellant also brought a motion to dismiss, or in the alternative to remand the case to probate court for a new processioning, on the ground that the owner of the adjoining land, Gertrude Irene Floree Blocker, was never given notice of the processioning. The trial court issued an order dismissing the action on the ground it was filed against an estate, which is not a legal entity, and is therefore a nullity. We reverse.

Pursuant to OCGA § 44-4-9, the way a protest to a processioning is taken up from the probate court to the superior court is by the filing of a protest with the probate court. "Upon the filing of a protest, it shall be the duty of the judge of the probate court to return all the papers, including the plat made by the surveyor, and the protest to the clerk of the superior court of the county or counties where the disputed land lies. . . . The clerk shall enter the protest on the issue docket to be tried in the same manner and under the same rules as other cases." OCGA § 44-4-9. Thus, pursuant to the applicable statute, and as reflected in the record of this case, it was the trial court which docketed the case under an invalid case style and not the appellant. Compare *Estate of Norton v. Hinds*, 182 Ga. App. 35 (354 SE2d 663) (1987) (in which this court ruled an appeal to the superior court from a judgment of the probate court should have been dismissed because the petitioner filed the appeal naming an estate as party defendant and the record showed the estate was not properly represented during the proceedings so that a real party existed upon whom the orders and judgments could be effective). The only pleadings appellant filed prior to the superior court's docketing of the case consisted of the application for processioning and other papers in the probate court which properly alleged that Gertrude Irene Floree Blocker, a natural person, was the holder of title to the adjoining land in her capacity as executrix of the estate of Mr. Blocker. It was improper to dismiss the case on the ground that it was not filed against a legal entity since the style of the case was apparently chosen by the superior court itself and could have been amended to reflect the true status of the litigation. See *Tingle v. Cate*, 142 Ga. App. 467 (3) (236 SE2d 127) (1977).

We reject defendant/appellee's argument that the judgment should be affirmed under the right for any reason rule. The plaintiff/appellant's motion to dismiss *or in the alternative to remand* is an entirely different motion brought not only on different grounds but also requesting, alternatively, different relief. The trial court has not yet considered plaintiff's motion including the issue of the appropriate relief in response to it. Thus, it is not properly before this court on appeal and we may not consider it as a basis for affirming the order on defendant/appellee's separate motion brought on different

grounds.
   *Judgment reversed. Carley, P. J., and Johnson, J., concur.*

DECIDED MARCH 11, 1993.

*Richard Phillips*, for appellant.
*Zorn & Caldwell, William A. Zorn,* for appellee.